[Cite as *State v. Adkins*, 2011-Ohio-2819.]

### IN THE COURT OF APPEALS OF OHIO
### SECOND APPELLATE DISTRICT
### GREENE COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | Appellate Case No. 2010-CA-69 |
| Plaintiff-Appellee | : | |
| | : | Trial Court Case No. 02-CR-326 |
| v. | : | |
| | : | (Criminal Appeal from |
| RONDAL ADKINS | : | Common Pleas Court) |
| | : | |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

## O P I N I O N

Rendered on the 10th day of June, 2011.

. . . . . . . . . . .

STEPHEN K. HALLER, by CHERI L. STOUT, Atty. Reg. #0073725, Greene County Prosecutor's Office, 61 Greene Street, Xenia, Ohio 45385
      Attorney for Plaintiff-Appellee

PETER GALYARDT, Atty. Reg. #0085439, Office of the Ohio Public Defender, 250 East Broad Street, Suite 1400, Columbus, Ohio 43215
      Attorney for Defendant-Appellant

. . . . . . . . . . . . .

HALL, J.

{¶ 1} Rondal Adkins appeals from the trial court's judgment entry overruling his motion to vacate a void sentence and terminate post-release control. Adkins contends the trial court improperly imposed post-release control when it re-sentenced him in 2003, rendering the post-release control portion of his sentence void. Therefore, he claims, the Adult Parole

Authority lacked the power to impose post-release control following his release from prison in 2010 and the trial court should have terminated his post-release control.

{¶ 2} The record reflects that Adkins pled guilty to multiple counts of rape in 2002. He received concurrent ten-year prison sentences. The trial court did not mention post-release control during the sentencing hearing. The sentencing entry states that post-release control is "mandatory in this case up to a maximum of 5 years[.]" Adkins appealed on grounds unrelated to post-release control. This Court reversed and remanded for re-sentencing. In 2003, the trial court re-sentenced Adkins to concurrent eight-year prison terms. At the re-sentencing hearing, the trial court advised him that he was subject to mandatory post-release control "up to a maximum of five years." The re-sentencing judgment entry similarly provides that post-release control is "mandatory in this case up to a maximum of 5 years."

{¶ 3} Adkins completed his prison term and was released in May 2010. Upon his release, the Adult Parole Authority placed him on five years of post-release control. In August 2010, Adkins moved to vacate a void sentence and terminate post-release control. He argued that the trial court's imposition of mandatory post-release control "up to" five years was erroneous, rendering that portion of his sentence void. Moreover, because he had completed his prison term, Adkins asserted that the trial court could not re-sentence him to correct the error. The trial court overruled Adkins's motion. The trial court, relying on *State v. Harrington*, Greene App. No. 06 CA 29, 2007-Ohio-1335, and *State v. Sulek*, Greene App. No. 09 CA 75, 2010-Ohio-3919, held that the language it had used when imposing post-release control was sufficient. This appeal followed.

{¶ 4} In his two assignments of error, Adkins contends the "up to" language the trial

court used was not adequate to impose post-release control, that the error rendered the post-release control portion of his sentence void, and that his completion of his prison term precludes the trial court from correcting the error. As a result, he asserts that he is not subject to any post-release control. Upon review, we find Adkins's argument to be persuasive.

{¶ 5} In late 2010, the Ohio Supreme Court narrowed its prior holdings about the effect of mistakes in the imposition of post-release control, but left intact the holding that an incorrect post-release control requirement renders the post-release control portion of a sentence void. *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238. Subsequent to *Fischer*, this Court decided *State v. Conway*, Clark App. No. 2010-CA-50, 2011-Ohio-24, where the Court stated at ¶25 n.1: "In the case before us, there is a discrete part of the sentencing entry that is 'void'—the part that provides for post-release control for 'up to' three years." The State, in its brief, has asked that we reconsider *Conway*. Additionally, as late as April 29, 2011, this court decided *State v. Blackshear*, Montgomery App. No. 24302, 2011-Ohio-2059, wherein it was recognized that "[w]hen a trial court does not impose post-release control in accordance with statutorily mandated terms, that portion of the sentence is void." Id. at ¶12. More specifically, "[l]anguage that 'appears to allow the parole board discretion to impose less than [the mandatory term] of post-release control' does not conform to the statutory mandates, rendering that portion of the sentence void." Id. (citations omitted).

{¶ 6} In the present case, the trial court advised Adkins orally, and in its re-sentencing entry, that he was subject to mandatory post-release control for "up to" five years. The parties agree that, in reality, Adkins was subject to mandatory post-release control for the entire five years. Logically, "up to" five years also includes five years and could not

conceivably prejudice the defendant. But, the case law is to the contrary. Therefore, the post-release control portion of Adkins's sentence is void. Id.; see, also, *State v. Pearson*, Montgomery App. No. 23974, 2011-Ohio-245, ¶3 and 9 (implicitly recognizing that the post-release control portion of the defendant's sentence was void where the trial court incorrectly imposed "up to" five years rather than exactly five years).

{¶ 7} Other appellate districts similarly have found that using "up to" language when imposing post-release control is error—and renders the post-release control portion of the sentence void—where mandatory post-release control for a specific number of years is required. See, e.g., *State v. Bregen*, Clermont App. No. 2010-06-039, 2011-Ohio-1872, ¶25; *State v. Jones*, Wayne App. No. 10 CA 0022, 2011-Ohio-1450, ¶11-13; *State v. Gaut*, Trumbull App. No. 2010-T-0059, 2011-Ohio-1300, ¶20-24; *State ex rel. Hazel v. Bender*, Franklin App. No. 10AP-435, 2011-Ohio-1027, ¶5; *State v. Cottrill*, Pickaway App. No. 10 CA 38, 2011-Ohio-2122, ¶9; *State v. Green*, Stark App. No. 2010 CA 00198, 2011-Ohio-1636, ¶16; *State v. Jones*, Cuyahoga App. No. 94216, 2010-Ohio-4136, ¶4-5.

{¶ 8} In reaching its conclusion below, the trial court cited *State v. Harrington*, Greene App. No. 06 CA 29, 2007-Ohio-1335, and *State v. Sulek*, Greene App. No. 09 CA 75, 2010-Ohio-3919. As in the present case, the defendant in *Harrington* argued on appeal that the trial court had erred in imposing "up to" five years of post-release control when a full five years was required. This court cursorily disposed of the defendant's argument, stating: "We do not presently decide what effect, if any, the above-quoted statement in the termination entry may have on the period of Harrington's post release control. We note that this error, if it is an error, cannot possibly prejudice Harrington. If the error has any legal effect at all, it would be

to shorten Harrington's period of post release control, which would be to his advantage, not to his detriment." Thus, not only was *Harrington* decided before the Supreme Court's latest pronouncement in *Fischer*, *Harrington* also specifically did not decide the effect of an incorrect post-release control statement. The body of case law set forth above, decided after *Harrington*, establishes that the post-release control portion of the defendant's sentence is void.

**{¶ 9}** Likewise, *Sulek* was decided before *Fischer*. Additionally, in *Sulek*, this court cited *Harrington* while holding that the trial court *had* committed reversible error by misinforming the defendant convicted of a second-degree felony that he was subject to five years of post-release control rather than three. *Sulek* was remanded for resentencing. Accordingly, *Sulek* does not support the State's position in this case.

**{¶ 10}** An unfortunate result of the *Fischer* "void" analysis is that defendants such as Adkins, who by the facts underlying his conviction should be under supervision, avoid the statutorily intended consequence. Because he has completed his sentence without the error being corrected, Adkins cannot now be subjected to a period of post-release control. See, e.g., *State v. Simpkins*, 117 Ohio St.3d 420, 2008-Ohio-1197, ¶8-9; *State v. Bloomer*, 122 Ohio St.3d 200, 2009-Ohio-2462, ¶70-72. In *Fischer*, the Supreme Court majority was of the opinion that "[i]n light of the General Assembly's enactment of R.C. 2929.191[resentencing procedure for post July 2006 inadequate post-release control sentences], it is likely that our work in this regard is drawing to a close, at least for purposes of void sentences." Actually, these problems will fester for years to come. Because voidness can be raised at any time, *Fischer's* "void" analysis encourages defendants not to challenge technically incorrect

post-release control orders until after they are released because the problem cannot then be rectified.

{¶ 11} Uncertainty about uncorrected, technically inaccurate post-release control will be evident in at least three distinct kinds of cases. The first, as here, is where a defendant is released from prison and placed on post-release control. He then raises the technical inadequacy issue which, based on the "void" analysis, will end the post-release control supervision. The second scenario is where a released prisoner is placed under supervision on technically incorrect post-release control and fails to raise the issue until he is charged, or even convicted and sentenced, for a new offense of escape for failure to comply with the terms of supervision. The "void" post-release control analysis now extends to evaporate the new charge. See, e.g., *State v. Renner*, Montgomery App. No. 24019, 2011-Ohio-502; *State v. Pointer*, Montgomery App. No. 24210, 2011-Ohio-1419. Finally, a third line of cases will arise where a released prisoner is placed on technically incorrect post-release control and then has his premises searched under the APA's supervisory authority. If felony contraband is found, the "void" post-release control analysis vitiates the APA's supervision, and the agency's authority to search, which may result in the suppression of evidence, even if obtained in good faith pursuit of its duties. See *Blackshear*.

{¶ 12} Unless and until the Ohio Supreme Court changes its "void" post-release control analysis or the legislature changes the statutory implementation of supervision, the State should be on notice that every sentencing entry should be reviewed for accuracy before imposition of post-release control.

{¶ 13} Based on the reasoning set forth above, we conclude that the trial court erred in

making Adkins's post-release control mandatory for "up to a maximum of 5 years." This error rendered the post-release control portion of his sentence void. Because he completed his sentence without the error being corrected, Adkins cannot now be subjected to a period of post-release control. See, e.g., *Simpkins*, ¶8-9; *Bloomer*, ¶70-72. Accordingly, we sustain his two assignments of error.

{¶ 14} The portion of the trial court's sentencing entry imposing post-release control is vacated. As so modified, the judgment is affirmed. The cause is remanded to the trial court to notify the APA about the vacation of post-release control.

. . . . . . . . . . . . .

FAIN and FROELICH, JJ., concur.


Copies mailed to:

Stephen K. Haller
Cheri L. Stout
Peter Galyardt
Hon. Stephen Wolaver