[Cite as *State v. Smalls*, 2013-Ohio-5674.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. John W. Wise, P.J. |
| Plaintiff-Appellee | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | Case No. 2013CA00086 |
| | : | |
| TAWANN LAVAR SMALLS | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:             Appeal from the Stark County Court of
                                     Common Pleas, Case No. 1999-CR-
                                     1576

JUDGMENT:                            REVERSED AND REMANDED

DATE OF JUDGMENT ENTRY:              November 25, 2013

APPEARANCES:

For Plaintiff-Appellee:              For Defendant-Appellant:

JOHN D. FERRERO                      TAWANN LAVAR SMALLS
STARK COUNTY PROSECUTOR              # A387-851
                                     Marion Correctional Institute
RONALD MARK CALDWELL                 P.O. Box 57
110 Central Plaza South, Suite 510   940 Marion-Williamsport Road
Canton, OH 44702-1413                Marion, OH 43302-0057

*Delaney, J.*

{¶1} Defendant-Appellant Tawann Lavar Smalls appeals the April 15, 2013 judgment entry of the Stark County Court of Common Pleas. Plaintiff-Appellee is the State of Ohio.

## FACTS AND PROCEDURAL HISTORY

{¶2} On December 23, 1999, Smalls was indicted on multiple charges of felonious assault with firearm specifications and having weapons under disability. On April 20, 2000, a jury found Smalls guilty on all counts and specifications.

{¶3} On April 27, 2000, the Stark County Court of Common Pleas sentenced Smalls to eight years incarceration on all six counts of the felonious assault charges, ordering that two years be served consecutively to each other and the remaining concurrently. The court imposed a one-year sentence on the having weapons under disability charge. The court also imposed the mandatory three-year prison term on each of the six firearm specification counts, but imposed them concurrently with each other; this aggregate three-year term was then imposed consecutively to the aggregate sixteen-year term for the underlying offenses for a total of nineteen years.

{¶4} On May 8, 2000, Smalls filed an appeal with this Court. Via judgment entry on May 7, 2001, we affirmed the April 27, 2000 judgment of the trial court. *State v. Smalls*, 5th Dist. Stark No. 2000CA00133, 2001 WL 520977 (May 7, 2001).

{¶5} On June 30, 2008, Smalls filed a motion for resentencing pursuant to R.C. 2929.191, asserting the original sentence did not include a provision for post-release control, as defined by R.C. 2967.28. The trial court denied the motion.

{¶6} Smalls appealed the trial court's decision denying his motion for resentencing to this Court. On February 23, 2009, this Court reversed the decision of the trial court, and remanded the matter for the trial court to conduct a de novo sentencing hearing. *State v. Smalls*, 5th Dist. Stark No. 2008 CA 00164, 2009-Ohio-832.

{¶7} The trial court held a de novo sentencing hearing on May 4, 2009. The trial court imposed the same nineteen-year prison sentence but added a five-year term of post-release control. At the sentencing hearing, the following dialogue took place:

THE COURT: * * * So, sir, you're going to be serving a prison term of 19 years. Now, I also want to explain one other thing to you, okay? I want to explain to you post-release control. I believe, Kristen, there's a mandatory five years of post-release control?

PROSECUTOR: Yes, Your Honor.

THE COURT: All right. You will be subject to a term of post-release control of five years. If this period of post-release control is imposed upon your release from prison and if you violate the conditions of that supervision, the parole board may impose a prison term as part of the sentence not to exceed nine months, and the maximum cumulative prison term for all violations under this division shall not exceed one-half of the stated prison term originally imposed as part of the sentence.

T. 21-22.

{¶8}   The trial court issued its sentencing entry on May 18, 2009.  The judgment entry stated:

The Court has further notified the defendant that post release control is mandatory in this case up to a maximum of five (5) years, as well as the consequences for violating conditions of post release control imposed by the Parole Board under Revised Code Section 2967.28.  The defendant is ordered to serve as part of this sentence any term of post release control imposed by the Parole Board, and any prison term for violation of that post release control.

{¶9}   The trial court appealed the May 18, 2009 sentencing entry.  We affirmed the trial court's judgment entry in *State v. Smalls*, 5th Dist. Stark No. 2009-CA-00151, 2010-Ohio-535.

{¶10} Smalls filed a motion for resentencing on June 21, 2010.  The trial court denied the motion on June 24, 2010.

{¶11} Smalls filed a motion for resentencing on April 11, 2013.  The trial court denied the motion on April 15, 2013.  It is from this decision Smalls now appeals.

**ASSIGNMENT OF ERROR**

{¶12} Smalls raises one Assignment of Error:

{¶13} "WHETHER THE TRIAL COURT'S FAILURE TO INDICATE WHETHER POSTRELEASE CONTROL WAS 'MANDATORY' OR 'DISCRETIONARY' AT THE SENTENCING HEARING CAN BE CURED BY INDICATING THAT THE DEFENDANT WOULD BE SUBJECT TO A MANDATORY PERIOD OF: 'UP TO FIVE (5) YEARS' IN THE COURT'S JOURNAL ENTRY."

**ANALYSIS**

{¶14} In this case, the trial court correctly informed Smalls at the de novo sentencing hearing that it was imposing mandatory post-release control.  Smalls argues the May 18, 2009 sentencing entry did not correctly reflect what actually occurred at the sentencing hearing.  Smalls argues the trial court's imposition of mandatory post-release control "up to five (5) years" in the May 18, 2009 sentencing entry, instead of imposing the correct definitive term of five years of post-release control, was erroneous. We agree.

{¶15} R.C. 2967.28(B) reads:

(B) Each sentence to a prison term for a felony of the first degree, for a felony of the second degree, for a felony sex offense, or for a felony of the third degree that is an offense of violence and is not a felony sex offense shall include a requirement that the offender be subject to a period of post-release control imposed by the parole board after the offender's release from imprisonment.  This division applies with respect to all prison terms of a type described in this division, including a term of any such type that is a risk reduction sentence.  If a court imposes a sentence including a prison term of a type described in this division on or after July 11, 2006, the failure of a sentencing court to notify the offender pursuant to division (B)(2)(c) of section 2929.19 of the Revised Code of this requirement or to include in the judgment of conviction entered on the journal a statement that the offender's sentence includes this requirement does not negate, limit, or otherwise affect the mandatory period of supervision that is

required for the offender under this division. Section 2929.191 of the Revised Code applies if, prior to July 11, 2006, a court imposed a sentence including a prison term of a type described in this division and failed to notify the offender pursuant to division (B)(2)(c) of section 2929.19 of the Revised Code regarding post-release control or to include in the judgment of conviction entered on the journal or in the sentence pursuant to division (D)(1) of section 2929.14 of the Revised Code a statement regarding post-release control.  Unless reduced by the parole board pursuant to division (D) of this section when authorized under that division, a period of post-release control required by this division for an offender shall be of one of the following periods:

(1) For a felony of the first degree or for a felony sex offense, five years;

{¶16} The Ohio Supreme Court has held that, pursuant to R.C. 2953.08(G)(2), an appellate court "must examine the sentencing court's compliance with all the applicable rules and statutes in imposing the sentence to determine whether the sentence is clearly and convincingly contrary to law.  *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, ¶ 4.

{¶17} Smalls was resentenced in 2009.  R.C. 2929.191, enacted as part of H.B. 137, establishes a procedure to remedy sentences that fail to properly impose a term of post-release control for defendants who were sentenced on or after its July 11, 2006 effective date*. State v. Gutierrez*, 3rd Dist. Hancock No. 5-10-14, 2011-Ohio-3126 citing *State v. Singleton*, 124 Ohio St.3d 173, 2009-Ohio-6434, 920 N.E.2d 958, paragraph two of syllabus.  In *State v. Fischer*, the Ohio Supreme Court held that it is only the

post-release control aspect of the sentence that is void and that must be rectified. *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, ¶ 17. The remainder of the sentence remains valid under the principles of res judicata. *Id.* In the present case, the trial court imposed the correct term of post-release control at the de novo sentencing hearing. It would appear the incorrect language in the May 18, 2009 sentencing entry was a clerical error or mistake.

{¶18} Errors subject to correction by the court include a clerical error, mistake, or omission that is mechanical in nature and apparent on the record and does not involve a legal decision or judgment. *State v. Miller,* 127 Ohio St.3d 407, 2010–Ohio–5705, 940 N.E.2d 924, ¶ 15; Crim.R. 36. Courts retain continuing jurisdiction to correct clerical errors in judgments by nunc pro tunc entries to reflect what the court actually decided. *State ex rel. Cruzado v. Zaleski,* 111 Ohio St.3d 353, 2006–Ohio–5795, 856 N.E.2d 263, ¶ 18–19; Crim.R. 36. The Ohio Supreme Court affirmed the trial court is authorized to correct a mistake in the sentencing entry by nunc pro tunc entry without holding a new sentencing hearing when a defendant is notified of the proper term of post-release control at the sentencing hearing and the error is merely clerical in nature. *State ex rel. Womack v. Marsh,* 128 Ohio St.3d 303, 2011–Ohio–229, 943 N.E.2d 1010, ¶ 14.

{¶19} The State argues this Court has previously held in *State v. Miller*, 5th Dist. Stark No. 2010CA00175, 2010-Ohio-6001, that it was harmless error for the trial court to impose "up to five years" of post-release control when a full five years was required. In reaching our decision in *Miller*, we relied upon *State v. Harrington*, 2nd Dist. Greene No. 06 CA 29, 2007-Ohio-1335. Both *Miller* and *Harrington* were decided before the

Ohio Supreme Court issued *Fischer* on December 23, 2010. *Fischer* determined the incorrect post-release control portion of a defendant's sentence is void. In *State v. Adkins*, 2nd Dist. Greene No. 2010-CA-69, 2011-Ohio-2819, the Second District Court of Appeals was presented with a similar factual issue where the trial court correctly advised the defendant of mandatory post-release control at the sentencing hearing, but stated in the sentencing entry the defendant was subject to mandatory post-release control for "up to" five years. The trial court denied the defendant's motion for resentencing based on the Second District's previous decisions in *Harrington* and *State v. Sulek*, 2nd Dist. Greene No. 09 CA 75, 2020-Ohio-3919, wherein the court of appeals held the use of "up to" language was harmless error. In *Adkins*, the Second District found continued reliance upon *Harrington* and *Sulek* was misplaced. First, both *Harrington* and *Sulek* were decided before *Fischer*. *Adkins* at ¶ 8. Second, numerous districts had found, based on *Fischer,* that incorrect post-release control language rendered the post-release control portion of the sentence void. *Id.* at ¶ 7. As a result, the Second District declined to follow *Harrington* and *Sulek*, but rather adhered to the post-*Fischer* line of cases to conclude the trial court erred when it made post-release control mandatory for "up to" five years. *Id.* at ¶ 13. Similar to *Harrington* and *Sulek*, *Miller* was decided pre-*Fischer*. The rationale of *Adkins* to follow post-*Fischer* precedent in matters of an incorrect statement of post-release control is sound.

{¶20} As to the present case, the trial court correctly advised Smalls at the de novo sentencing hearing of the mandatory nature of post-release control but failed to indicate as such in the May 18, 2009 sentencing entry. The trial court will correct the clerical error in the May 18, 2009 sentencing entry through a nunc pro tunc entry.

{¶21} The sole Assignment of Error of Defendant-Appellant Tawann Lavar Smalls is affirmed.

**CONCLUSION**

{¶22} We reverse the May 18, 2009 sentencing entry of the Stark County Court of Common Pleas as only to the portion regarding post-release control. We remand the matter to the trial court for further proceedings consistent with this opinion and law.

By: Delaney, J.,

Wise, P.J. and

Baldwin, J., concur.


_____
HON. PATRICIA A. DELANEY


_____
HON. JOHN W. WISE


_____
HON. CRAIG R. BALDWIN