[Cite as *State v. Smith*, 2015-Ohio-3612.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

| | |
|---|---|
| State of Ohio | Court of Appeals No. L-14-1189 |
| Appellee | Trial Court No. CR0200402835 |
| v. | |
| Kevin J. Smith | **DECISION AND JUDGMENT** |
| Appellant | Decided:  August 31, 2015 |

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Brenda J. Majdalani, Assistant Prosecuting Attorney, for appellee.

Timothy Young, Ohio Public Defender, and Stephen P. Hardwick,
Assistant Public Defender, for appellant.

* * * * *

**YARBROUGH, P.J.**

## I.  Introduction

**{¶ 1}** Appellant, Kevin Smith, appeals the judgment of the Lucas County Court of

Common Pleas, denying his "Motion to Vacate Void Judicial Sanction."  We reverse.

## A. Facts and Procedural Background

**{¶ 2}** The facts of this case were previously summarized by this court as follows:

> In September 2002, appellant was indicted in case No. CR0200202786 on one count of escape in violation of R.C. 2921.34(A)(1) and (C)(2)(b). He subsequently entered a plea of no contest to the charge, and was eventually sentenced to one year in prison. During the plea colloquy, and again at sentencing, the trial court verbally addressed appellant's postrelease control obligations. Nonetheless, the trial court failed to include any mention of postrelease control in its sentencing entry.

> On November 4, 2004, appellant was sentenced to nine years in prison following his plea of guilty to one count of felonious assault and one count of robbery in case No. CR-04-2835. By this time, appellant had already served his prison sentence in case No. CR 200202786 and was released from prison on postrelease control. Because appellant was on postrelease control at the time of his convictions, the trial court also ordered him to serve 919 days in prison in case No. CR 200202786 for violating the terms of his postrelease control. The court ordered appellant to serve the 919-day sentence consecutive to the 9-year sentence imposed in case No. CR-04-2835. *State v. Smith*, 6th Dist. Lucas No. L-14-1189, 2015-Ohio-919, ¶ 2-3.

{¶ 3} In appellant's direct appeal in case No. CR-04-2835, we held that the trial court erred in imposing consecutive sentences based upon statutes that were deemed unconstitutional in *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856. *State v. Smith*, 6th Dist. Lucas No. L-05-1071, 2006-Ohio-2492, ¶ 8. Thus, we remanded the matter to the trial court for a new sentencing hearing. *Id.* at ¶ 9.

{¶ 4} Thereafter, on June 12, 2006, the trial court conducted another sentencing hearing. At the hearing, appellant was informed that he would be "placed on post release control for a mandatory 3-year period because physical harm did occur," and was notified of the consequences of violating the terms of his postrelease control. In its entry following the hearing, the trial court once again ordered appellant to serve nine years in prison on the felonious assault and robbery counts, and ordered appellant to serve that sentence consecutive to the 919-day sentence imposed for appellant's violation of the terms of postrelease control in case No. CR 200202786. Notably, the entry does not indicate the imposition of a term of postrelease control in connection with the felonious assault and robbery counts.

{¶ 5} Almost eight years later, on May 23, 2014, appellant filed a motion to vacate his 919-day sentence from case No. CR 200202786, arguing that such obligations were void because the trial court's sentencing entry failed to mention any postrelease control obligations. In response, the state conceded that postrelease control was improperly imposed in case No. CR 200202786. Thus, the state agreed that the 919-day sentence should be vacated.

3.

**{¶ 6}** On July 30, 2014, in response to appellant's motion to vacate, the trial court issued its decision vacating the imposition of postrelease control in case No. CR 200202786 and issued a nunc pro tunc judgment entry removing any reference to the 919-day sentence. Regarding notification of postrelease control obligations concerning case No. CR-04-2835, the entry provides, in pertinent part:

Defendant was given notice, orally and in writing, of post release control notice under R.C. 2929.19(B)(3) and R.C. 2967.28.

It was further ORDERED the defendant is subject to 3 years mandatory post-release control as to count 2, 3 years mandatory post-release control as to count 3, after the defendant's release from imprisonment pursuant to R.C. 2967.28 and 2929.14.

Defendant was notified of 3 years mandatory post-release control as to count 2, 3 years mandatory post-release control as to count 3.

Defendant was notified that if post release control conditions are violated the adult parole authority or parole board may impose a more restrictive or longer control sanction or return a defendant to prison for up to nine months for each violation, up to a maximum of 50% of the stated term originally imposed. Defendant further notified that if the violation of post release control conditions is a new felony, a defendant may be both returned to prison for the greater of one year or the time remaining on post release control, plus receive a prison term for the new felony.

4.

{¶ 7} Appellant timely appealed the trial court's decision on his motion to vacate. On March 13, 2015, we issued our decision in appellant's appeal, affirming the trial court's judgment. In our decision, we examined whether the trial court erred in sentencing appellant to 919 days in prison for violating the terms of his postrelease control, which he alleged was improperly imposed and was, therefore, void. Ultimately, we held that appellant's argument was moot since the trial court already vacated the 919-day sentence and appellant had been released from prison. *State v. Smith*, 6th Dist. Lucas No. L-14-1189, 2015-Ohio-919, ¶ 6-7.

{¶ 8} Ten days after we released our decision affirming the trial court's decision, appellant filed an "Application for Reconsideration Pursuant to App.R. 26(A) or, in the Alternative, for Reopening Pursuant to App.R. 26(B)." In his application, appellant argued that the trial court failed to provide him with proper notification of the terms of his postrelease control when it initially sentenced him in 2004, and when it resentenced him in 2006. Although such notification was provided in the trial court's nunc pro tunc entry dated July 30, 2014, appellant argued that he had already completed his prison sentence by the time the trial court issued its nunc pro tunc entry in light of the trial court's prior vacation of his 919-day prison sentence from case No. CR 200202786. Thus, he argued that he should not be subject to postrelease control from case No. CR-04-2835. We ultimately found that appellant had completed his 9-year prison sentence prior to the trial court's issuance of its nunc pro tunc entry dated July 30, 2014. As a result, we determined that the trial court had no jurisdiction to impose a term of

5.

postrelease control. Thus, we granted appellant's application to reopen on the issue of whether the trial court properly imposed his postrelease control in case No. CR-04-2835.

## B. Assignments of Error

{¶ 9} In this reopened appeal, appellant assigns the following errors for our review:

Assignment of Error No. 1: The trial court erred by failing to impose postrelease control at the sentencing hearing.

Assignment of Error No. 2: The trial court erred by using a nunc pro tunc entry to impose postrelease control when the court had not imposed the sanction at a sentencing hearing.

Assignment of Error No. 3: The trial court erred by adding postrelease control to Mr. Smith's sentence after he had finished his prison term.

Assignment of Error No. 4: Even if postrelease control was properly imposed at the 2006 sentencing hearing, the resulting entry did not properly impose the sanction.

{¶ 10} Because we find appellant's third assignment of error dispositive of this appeal, we will limit our analysis to that assignment.

6.

## II. Analysis

{¶ 11} In appellant's third assignment of error, he argues that the trial court erred by adding a postrelease control sanction to his sentence after he had already finished serving the prison term. We agree.

{¶ 12} As we stated in our decision granting appellant's application to reopen, the trial court's sentencing entries reveal that appellant was resentenced to a 9-year prison term on June 12, 2006, with a credit of 648 days as of that date. Additionally, he was ordered to serve 919 days for violating the terms of his postrelease control in case No. CR 200202786. However, the imposition of postrelease control in that case was later determined to be void, because the sentencing entry did not include the mandatory postrelease control notifications. Thus, the 919-day sentence imposed as a result of the violation of the terms of the void postrelease control sanction cannot be counted in calculating appellant's release date, leaving only the 9-year prison term remaining.

{¶ 13} With this in mind, appellant's release date was sometime in September 2013. The trial court did not issue its nunc pro tunc entry properly imposing postrelease control until July 30, 2014, after appellant's sentence was completed. The Supreme Court of Ohio has stated that "a trial court loses jurisdiction to resentence a defendant for the purpose of imposing postrelease control once the defendant has served his entire sentence of incarceration." *State v. Holdcroft*, 137 Ohio St.3d 526, 2013-Ohio-5014, 1 N.E.2d 382, ¶ 5. Consequently, we find that the trial court lacked jurisdiction to correct

7.

its imposition of postrelease control via its July 30, 2014 nunc pro tunc entry. Therefore, the postrelease control sanction must be vacated.

{¶ 14} Accordingly, appellant's third assignment of error is well-taken. Having found the third assignment of error well-taken, appellant's remaining assignments of error are moot.

### III.  Conclusion

{¶ 15} The judgment of the Lucas County Court of Common Pleas is reversed and appellant's postrelease control sanction imposed in the July 30, 2014 judgment entry is hereby vacated. Appellee is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment reversed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.


Arlene Singer, J. _____          _____
                                                                    JUDGE
Thomas J. Osowik, J. _____

                                                          _____
Stephen A. Yarbrough, P.J. _____          JUDGE
CONCUR.

                                                          _____
                                                                    JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions.  Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.sconet.state.oh.us/rod/newpdf/?source=6.