[Cite as *State v. Tanksley*, 2016-Ohio-2963.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CLARK COUNTY**

STATE OF OHIO        :
            :
 *Plaintiff-Appellee*      :   Appellate Case No. 2015-CA-80
            :
v.           :   Trial Court Case No. 2001-CR-0128
            :
JAMES M. TANKSLEY     :   (Criminal Appeal from
            :   Common Pleas Court)
 *Defendant-Appellant*     :
            :

. . . . . . . . . . .

O P I N I O N

Rendered on the 13th day of May, 2016.

. . . . . . . . . .

MEGAN FARLEY, Atty. Reg. No. 0088515, Assistant Clark County Prosecuting Attorney, 50 East Columbia Street, 4th Floor, Springfield, Ohio 45502
  Attorney for Plaintiff-Appellee

FRANCISCO E. LUTTECKE, Atty. Reg. No. 0082866, 250 East Broad Street, Suite 1400, Columbus, Ohio 43215
  Attorney for Defendant-Appellant

. . . . . . . . . . . .

WELBAUM, J.

{¶ 1} Defendant-appellant, James M. Tanksley, appeals from the judgment of the Clark County Court of Common Pleas denying his motion to vacate the prison sentence he received for violating post-release control. For the reasons outlined below, the judgment of the trial court will be reversed and Tanksley's sentence for violating post-release control will be vacated.

{¶ 2} On December 27, 2000, Tanksley was indicted in Clark County Case No. 2001-CR-0128 for one count of aggravated robbery in violation of R.C. 2911.01(A), a felony of the first degree, with a firearm specification. Thereafter, Tanksley entered into a plea agreement with the State and pled guilty to the charge in exchange for the State dismissing the firearm specification and recommending a three-year prison term. Following his plea, the trial court sentenced Tanksley to three years in prison. Tanksley did not provide a copy of the sentencing hearing transcript; however, the sentencing entry states, in pertinent part, the following:

> The Court has informed defendant that post release control is mandatory in this case up to a maximum of five years, as well as the consequences for violating conditions of post release control imposed by the Parole Board. Defendant is ordered to serve, as part of this sentence, any such term of post release control imposed and any prison term for violation of that post release control.

Judgment Entry of Sentence (July 21, 2001), Clark County Case No. 2001-CR-0128, Docket No. 15, p. 2.

{¶ 3} On December 26, 2003, Tanksley was released from prison and placed on

post-release control. Eight months later, in Clark County Case No. 2004-CR-0219, Tanksley was convicted of murder in violation of R.C. 2903.02 and sentenced to serve 15 years to life in prison. As a result of that conviction, the trial court filed an entry in Case No. 2001-CR-0128 sentencing Tanksley to five years in prison for violating his post-release control obligations. The five-year prison sentence was ordered to run prior to Tanksley's sentence in Case No. 2004-CR-0219.

{¶ 4} Approximately 11 years later, on July 23, 2015, Tanksley filed a motion to vacate the five-year sentence for violating post-release control, which he completed in 2009. The trial court overruled the motion to vacate and Tanksley timely appealed from that decision, raising the following single assignment of error for review.

THE TRIAL COURT ERRED BY DENYING MR. [TANKSLEY'S] MOTION

TO VACATE HIS VOID JUDICIAL-SANCTION SENTENCE.

{¶ 5} Under his sole assignment of error, Tanksley contends he was not properly sentenced to post-release control in Case No. 2001-CR-0128 due to the language in the sentencing entry indicating that post-release control was mandatory "up to a maximum of five years." Tanksley claims the use of this language renders the post-release control portion of his sentence void and thereby prevents the trial court from imposing a sanction for violating the void post-release control obligations. Due to this error, Tanksley maintains that he was not required to serve any time for violating post-release control and that all the prison time he has served since his 2004 murder conviction should be credited toward the sentence he received as a result of that conviction.

{¶ 6} "Post-release control" is "a sanction that is authorized under sections 2929.16 to 2929.18 of the Revised Code and that is imposed upon a prisoner upon the

prisoner's release from a prison term." R.C. 2967.01(N). "A trial court is required to notify the offender at the sentencing hearing about post-release control, and is further required to incorporate the specifics of that notice into its judgment of conviction setting forth the sentence the court imposed." (Citations omitted.) *State v. Terry*, 2d Dist. Darke No. 09CA0005, 2010-Ohio-5391, ¶ 14.

{¶ 7} "[A]mong the most basic requirements of post[-]release control notification per R.C. 2967.28 and the Ohio Supreme Court's existing precedent is that the court must both notify the offender of the length of the term of post-release control that applies to his conviction(s) and incorporate that notification into its journalized judgment of conviction pursuant to Crim.R. 32(C). Both are necessary in order to authorize the parole board to exercise the authority that R.C. 2967.28 confers on that agency." *Id.* at ¶ 15, citing *State v. Bloomer*, 122 Ohio St.3d 200, 2009-Ohio-2462, 909 N.E.2d 1254, ¶ 69.

{¶ 8} "[W]hen a judge fails to impose statutorily mandated post[-]release control as part of a defendant's sentence, that *part* of the sentence is void and must be set aside." (Emphasis sic and footnote omitted.) *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, ¶ 26; *State v. Holdcroft*, 137 Ohio St.3d 526, 2013-Ohio-5014, 1 N.E.3d 382, ¶ 7. A void judgment is treated as though the proceedings had never occurred; the judgment is a mere nullity and the parties are in the same position as if there had been no judgment. *State v. Billiter*, 134 Ohio St.3d 103, 2012-Ohio-5144, 980 N.E.2d 960, ¶ 10. "In such situations, the void sanction 'may be reviewed at any time, on direct appeal or by collateral attack,' * * * but 'res judicata still applies to other aspects of the merits of a conviction, including the determination of guilt and the lawful elements of the ensuing sentence[.]' " *Holdcroft* at ¶ 7, quoting *Fischer* at ¶ 40.

**{¶ 9}** "Language that 'appears to allow the parole board discretion to impose less than the [mandatory term] of post-release control' does not conform to the statutory mandates, rendering that portion of the sentence void." *State v. Blackshear*, 2d Dist. Montgomery No. 24302, 2011-Ohio-2059, ¶ 12, quoting *State v. Gonzalez*, 9th Dist. Lorain No. 09CA009528, 2009-Ohio-5759, ¶ 8-9*.* (Other citations omitted.) For example, we have consistently held that the post-release control portion of a sentence is void when the trial court advises a defendant who is subject to mandatory post-release control that post-release control is mandatory "up to" a certain period of time. *See, e.g., State v. Conway*, 2d Dist. Clark No. 2010-CA-50, 2011-Ohio-24, ¶ 25, fn. 1. (finding that "there is a discrete part of the sentencing entry that is 'void'-the part that provides for post-release control for 'up to' three years"); *State v. Adkins*, 2d Dist. Greene No. 2010-CA-69, 2011-Ohio-2819, ¶ 6 (finding post-release control portion of sentence void where trial court advised defendant that post-release control was mandatory for "up to a maximum of five years"); *State v. Fleming*, 2013-Ohio-503, 990 N.E.2d 145, ¶ 24 (2d Dist.) (finding post-release control sentence void where trial court advised defendant that he "could be" subject to post-release control "for up to five years"); *State v. Dean*, 2d Dist. Champaign No. 2013-CA-17, 2014-Ohio-50, ¶ 14-16 (finding post-release control sentence void when trial court advised defendant that he is "subject to post-release control for a period of up to three years").

**{¶ 10}** Generally, " 'where a sentence is void because it does not contain a statutorily mandated term, the proper remedy is * * * to resentence the defendant.' " *Fischer* at ¶ 10, quoting *State v. Jordan*, 104 Ohio St.3d 21, 2004-Ohio-6085, 817 N.E.2d 864, ¶ 23. (Other citation omitted.) However, if proper notification is given during the

sentencing hearing and the sentencing entry either omits or states the wrong term of post-release control, a trial court is instead authorized to correct the error or omission with a nunc pro tunc entry. *State ex rel. Womack v. Marsh*, 128 Ohio St.3d 303, 2011-Ohio-229, 943 N.E.2d 1010, ¶ 14-15; *State v. Qualls*, 131 Ohio St.3d 499, 2012-Ohio-1111, 967 N.E.2d 718, ¶ 30. Nevertheless, the trial court's ability to correct its judgment through a nunc pro tunc entry or by resentencing ceases when the defendant completes his prison sentence. *State v. Huber,* 2d Dist. Clark No. 2013 CA 16, 2014-Ohio-2095, ¶ 9, citing *Holdcroft* at paragraph three of the syllabus and *Qualls* at ¶ 24. Under that circumstance, post-release control cannot be imposed. *State v. Cooper*, 8th Dist. Cuyahoga No. 103066, 2015-Ohio-4505, ¶ 10, citing *Qualls* at ¶ 24. (Other citations omitted.) "This is true even if the defendant remains incarcerated on other charges." *Huber* at ¶ 9, citing *Holdcroft* at ¶ 18.

{¶ 11} In *Huber*, this court followed the foregoing principles and held that the trial court could not file an amended/nunc pro tunc entry to correct improper language in a sentencing entry that imposed mandatory post-release control "up to a maximum of three years" because the defendant had already completed the prison term for which post-release control applied. *Id*. at ¶ 6-12. *See also State v. Bradford*, 8th Dist. Cuyahoga No. 102011, 2015-Ohio-1385 (vacating void post-release control sentence after finding nunc pro tunc entry was not permitted to correct improper "up to" language because the defendant had already completed his prison sentence).

{¶ 12} Similar to *Huber*, the trial court in this case incorrectly provided in the sentencing entry that post-release control is mandatory for "up to a maximum of five years[.]" We presume the regularity of the sentencing hearing, i.e., that the trial court

correctly advised Tanksley about post-release control, since Tanksley failed to provide a transcript of the sentencing hearing as required by App.R. 9.[1] *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199, 400 N.E.2d 384 (1980). Based on that presumption, a nunc pro tunc entry would have been sufficient to correct the error in the sentencing entry had the correction been made before Tanksley completed his three-year prison term for aggravated robbery. However, like in *Huber*, Tanksley had already served his prison term for the underlying aggravated robbery charge; therefore, the trial court no longer has authority to correct the sentencing entry to properly impose post-release control.

**{¶ 13}** The State cites *State v. Clark*, 2d Dist. Clark No. 2012 CA 16, 2013-Ohio-299, in support of its claim that Tanksley's post-release control sentence is not void and should not be vacated. In *Clark,* the defendant argued that the post-release control portion of his sentence was void because the trial court's sentencing entry did not list the specific consequences of violating post-release control. *Id.* at ¶ 8. However, we held that "a judgment entry need not be corrected to include the specific consequences for violating post-release control conditions, if the trial court imposes a lawful sentence of post-release control, properly notifies the defendant regarding post-release control and the specific consequences of the a violation during the sentencing hearing, and the sentencing entry contains notification regarding the fact that post-release control is being imposed and that a prison term could be ordered for any violation." *Id.* at ¶ 11.

---

[1] We note that the written guilty plea signed by Tanksley correctly states that if he is "sentenced to prison for a felony 1 * * *, after [his] prison release [he] *will* have 5 years of post-release control under conditions determined by the Parole Board." (Emphasis added.) Plea of Guilty (July 12, 2001), Clark County Case No. 2001-CR-0128, Docket No. 14, p. 2.

{¶ 14} Because the defendant in *Clark* was properly notified at the sentencing hearing about his term of post-release control and the consequences of violating it, and the sentencing entry also correctly notified the defendant about his term of post-release control and the possibility of receiving a prison term if post-release control was violated, we concluded that the trial court's failure to list the specific consequences for violating post-release control in the sentencing entry did not render the defendant's post-release control sentence void. *Id.* at ¶ 5-7, 72-73. In so holding, we relied on the Supreme Court of Ohio's decision in *Watkins v. Collins*, 111 Ohio St.3d 425, 2006-Ohio-5082, 857 N.E.2d 78, for the proposition that the sentencing entry " 'was sufficient to afford notice to a reasonable person that the [court was] authorizing post[-]release control.' " *Clark* at ¶ 73, quoting *Watkins* at ¶ 51.

{¶ 15} *Watkins* involved a habeas corpus action filed by 12 inmates who were incarcerated for violating post-release control. *Watkins* at ¶ 1. The inmates sought immediate release from prison on grounds that the trial court never properly imposed post-release control because their sentencing entries incorrectly contained discretionary language when post-release control was mandatory. *Id.* at ¶ 2-27. The Supreme Court acknowledged that the sentencing entries erroneously referred to discretionary, instead of mandatory post-release control, but determined that the entries contained information that was "sufficient to afford notice to a reasonable person that the courts were authorizing post[-]release control as part of each petitioner's sentence" and that "any challenge to the propriety of the sentencing court's imposition of post[-]release control in the entries could have been raised on appeal." *Id.* at ¶ 51. Thus, the court denied the defendants' habeas petition. *Id.* at ¶ 53.

**{¶ 16}** In *State v. Robinson*, 2d Dist. Champaign No. 2010-CA-30, 2011-Ohio-1737, ¶ 19, we noted that Justice Lanzinger's dissent in *Watkins* rejected the majority's view that "mere substantial compliance is sufficient" for providing notice of post-release control, and found Justice Lanzinger's view to be in line with subsequent Supreme Court decisions regarding post-release control; specifically, *Bloomer,* 122 Ohio St.3d 200, 2009-Ohio-2462, 909 N.E.2d 1254, and *Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332. Notably, *Bloomer* held that "in the absence of a proper sentencing entry imposing post[-]release control, the parole board's imposition of post[-]release control cannot be enforced." *Bloomer* at ¶ 71.

**{¶ 17}** In addition, the Supreme Court's decision in *State v. Lynch*, 134 Ohio St.3d 561, 2012-Ohio-5730, 983 N.E.2d 1314, impliedly rejects the application of *Watkins* in circumstances similar to the case at bar. In *Lynch*, the trial court issued a resentencing entry that imposed post-release control, but mistakenly included some discretionary language, i.e., that post release control was "mandatory up to 5 years." *State v. Lynch*, 9th Dist. Lorain No. 11CA010031, 2012-Ohio-2975, ¶ 7. After the defendant completed his underlying prison sentence, he filed a motion to terminate post release control on grounds that the "up to" language in the sentencing entry rendered the post-release control portion of the sentence void. *Id.* at ¶ 3, 7-8. The defendant also claimed that the trial court could not resentence him because he had completed his sentence. *Id.* at ¶ 7-8. The trial court, however, denied the motion to terminate post-release control and the Ninth Appellate District affirmed that decision on appeal. *Id.* at ¶ 3, 15.

**{¶ 18}** In affirming the trial court's decision, the Ninth District relied heavily on *Watkins*, and stated:

Although *Watkins* is procedurally distinct from the present case, the citation in *Qualls* suggests that its result is applicable in cases that do not involve petitions for habeas corpus. *See* [*Watkins* at ¶ 51, 53], and *Qualls* at ¶ 16. *See also State v. Garrett*, 9th Dist. No. 24377, 2009-Ohio-2559, ¶ 15-16 (applying *Watkins* in the context of a substantial compliance analysis where the trial court denied appellant's post-conviction motion to withdraw guilty plea). Here, just as in *Watkins*, Lynch's sentencing entry imposed post[-]release control and mistakenly set forth some discretionary language. Therefore, because Lynch's entry "contained sufficient language to authorize the Adult Parole Authority to exercise post[-]release control" over him, the trial court did not err in denying Lynch's motion to terminate post[-]release control on the basis that the sentencing entry mistakenly included discretionary language, where the oral notification at the sentencing hearing properly advised Lynch of the terms of post[-]release control. *See Watkins* at ¶ 53.

*Lynch* at ¶ 14.

{¶ 19} The Supreme Court of Ohio summarily reversed the Ninth District's decision in *Lynch* on the authority of *Billiter*, 134 Ohio St.3d 103, 2012-Ohio-5144, 980 N.E.2d 960, a case which involved a sentencing entry that incorrectly imposed a mandatory term of post-release control "up to a maximum of three (3) years" when the defendant was actually required to be sentenced to a mandatory five-year period of post-release control. *Id.* at ¶ 2. After the defendant in *Billiter* was released from prison, he eventually violated the conditions of post-release control, and as a result, was indicted for escape. *Id.* at

¶ 3. The defendant pled guilty to escape and was placed on community control, which he violated almost immediately. *Id.* at ¶ 3-4. Following the violation, the trial court revoked community control and sentenced the defendant to six years in prison on the escape charge. *Id.* at ¶ 4.

{¶ 20} Four years later, the defendant in *Billiter* filed a motion to vacate his escape conviction and sentence on grounds that the post-release control portion of his sentence was void as a result of the "up to" language in the sentencing entry. *Id.* at ¶ 5. The trial court denied the motion and the Fifth District Court of Appeals affirmed that decision based on *Watkins*, reasoning that "the trial court's incorrect sentence had nevertheless given Billiter proper notice that he was subject to post[-]release control, and so the sentence was not void." *Id.*, citing *State v. Bill[i]ter*, 5th Dist. Stark No. 2008-CA-00198, 2009-Ohio-2709, ¶ 13-14. The defendant did not appeal that decision. *Id.*

{¶ 21} However, 12 years later, the defendant in *Billiter* moved to withdraw his guilty plea to escape on the theory that he had never been legally placed on post-release control. *Id.* at ¶ 6. The trial court denied the motion on res judicata grounds and the Fifth District affirmed the decision and certified a conflict with cases from this district on the issue of whether res judicata bars a defendant from arguing his plea is void due to a post-release control sentencing violation. *Id.* Although focusing on the issue of res judicata, in reversing the decision of the Fifth District, the Supreme Court of Ohio noted the following:

Here, the trial court failed to sentence Billiter to a correct term of post[-]release control. Accordingly, his sentence was void. *Fischer*, paragraph one of the syllabus. The trial court's incorrect sentence for

post[-]release control in 1998 was insufficient to confer authority upon the Adult Parole Authority to impose up to three years of post[-]release control on *Billiter*. *Jordan*, 104 Ohio St.3d 21, 2004-Ohio-6085, 817 N.E.2d 864, ¶ 17. Although the Adult Parole Authority actually did place Billiter under supervision, *see* R.C. 2921.01(E), and Billiter did violate the terms of that post[-]release control in violation of R.C. 2921.34(A)(1), Billiter's escape conviction was based on an invalid sentence. Accordingly, the trial court was without jurisdiction to convict him on the escape charge.

*Billiter*, 134 Ohio St.3d 103, 2012-Ohio-5144, 980 N.E.2d 960 at ¶ 12.

{¶ 22} Although not explicit, the Supreme Court of Ohio's decisions in *Billiter* and *Lynch*, 134 Ohio St.3d 561, 2012-Ohio-5730, 983 N.E.2d 1314 impliedly reject the application of *Watkins*' sufficient-notice principle in cases where a sentencing entry improperly uses discretionary language when imposing post-release control, as they indicate that such a mistake renders the sentence void.

{¶ 23} Nevertheless, we find the State's reliance on our application of *Watkins* in *Clark* is misplaced because *Clark* concerns an entirely different factual scenario from the present case. Unlike in *Clark*, the sentencing entry in this case contains incorrect information that would lead a reasonable person to believe that the defendant could receive less than the statutorily-mandated term of post-release control. In addition, based on our presumption of regularity at the sentencing hearing, there is a discrepancy between what was stated at the sentencing hearing and what was provided in the sentencing entry. This did not occur in *Clark*. Rather, *Clark* concerns a scenario where the trial court did not provide any incorrect information at sentencing or in the sentencing

entry, but simply failed to list the specific consequences of violating post-release control in the sentencing entry. Therefore, the holding in *Clark* is inapplicable here.

{¶ 24} In light of the foregoing, we conclude that the trial court's imposition of post-release control for Tanksley's aggravated robbery conviction is void as a result of the improper "up to" language that is contained in the sentencing entry. As a result, since Tanksley has already completed his prison sentence for aggravated robbery, the trial court no longer has authority to correct the improper language. Therefore, the imposition of post-release control remains void, as if it had never been imposed, which means the trial court did not have authority to sanction Tanksley for violating post-release control. Accordingly, because Tanksley's sentence for violating post-release control in his aggravated robbery case arose out of his murder conviction, the time Tanksley served in prison as a result of violating the void post-release control shall be credited toward the sentence he received for his 2004 murder conviction. *See also State v. Smith*, 6th Dist. Lucas No. L-14-1189, 2015-Ohio-3612, ¶ 12 (finding the sentence imposed as a result of the violation of the terms of the void post-release control sanction cannot be counted in calculating appellant's release date).

## Conclusion

{¶ 25} Tanksley's sole assignment of error is sustained. The judgment of the trial court denying Tanksley's motion to vacate is reversed and the five-year prison sentence Tanksley received for violating post-release control is vacated.

. . . . . . . . . . . .

DONOVAN, P.J. and HALL, J., concur.

Copies mailed to:

Megan Farley
Francisco E. Luttecke
Hon. Douglas M. Rastatter
ODRC, Bureau of Sentence Computation