[Cite as *State v. Montgomery*, 2018-Ohio-5278.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CLARK COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 2018-CA-40 |
| | : | |
| v. | : | Trial Court Case No. 1997-CR-0618 |
| | : | |
| GREGORY R. MONTGOMERY | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 28th day of December, 2018.

. . . . . . . . . . .

ANDREW P. PICKERING, Atty. Reg. No. 0068770, Assistant Prosecuting Attorney, Clark County Prosecutor's Office, 50 East Columbia Street, Suite 449, Springfield, Ohio 45502
        Attorney for Plaintiff-Appellee

STEPHEN P. HARDWICK, Atty. Reg. No. 0062932, Assistant State of Ohio Public Defender, 250 East Broad Street, Suite 1400, Columbus, Ohio 43215
        Attorney for Defendant-Appellant

. . . . . . . . . . . . .

TUCKER, J.

{¶ 1} Defendant-appellant Gregory Montgomery appeals from the judgment entry of the Clark County Common Pleas Court overruling his motion to vacate post-release control. Montgomery contends the trial court did not properly impose post-release control when it sentenced him in 1998. He, thus, contends that he should not have been subject to post-release control following his 2017 release from prison and that the trial court should have granted his motion to terminate his post-release control.

{¶ 2} Because we agree with Montgomery's arguments, the trial court's judgment denying Montgomery's motion to vacate post-release control is reversed, and the portion of his sentence related to post-release control is vacated. The cause is remanded to the trial court to notify the Adult Parole Authority (APA) about the vacation of the post-release control.

## I. Facts and Procedural History

{¶ 3} On August 25, 1998, Montgomery was convicted of one count of trafficking of cocaine, in violation of R.C. 2925.03, a felony of the fourth degree, one count of possession of crack cocaine, in violation of R.C. 2925.11, a felony of the fifth degree, and one count of possession of crack cocaine, in violation of R.C. 2925.11, a felony of the first degree subject to a mandatory prison term. A sentencing hearing was conducted the following day. The trial court made the finding that Montgomery was a major drug offender. Accordingly, the trial court sentenced Montgomery to a ten-year term on the first-degree felony possession count and to a nine-year prison term on the major drug offender designation, with the terms ordered to be served consecutively. The trial court

sentenced Montgomery to 17 months on the trafficking conviction and 11 months on the lesser degree possession charge, to be served concurrently to each other and concurrently to the other sentence. The trial court did not mention post-release control during the sentencing hearing.

{¶ 4} The trial court filed a judgment entry journalizing this decision on September 21, 1998. The sentencing entry stated "[t]he Court has further notified the defendant that post release control is mandatory in this case up to a maximum of five years, as well as the consequences for violating conditions of post release control imposed by the Parole Board under Revised Code Section 2967.28." Montgomery appealed, and we affirmed the judgment of the trial court. *State v. Montgomery*, 2d Dist. Clark No. 98 CA 82, 2000 WL 331798 (Mar. 31, 2000).

{¶ 5} In both 2009 and 2010, Montgomery filed motions for resentencing based upon the claim that, because the trial court used the "up to five years language" in the sentencing entry, the portion of the sentence imposing post-release control was void. Both motions were overruled by the trial court.

{¶ 6} Montgomery was released from prison in 2017. On January 30, 2018, he filed a motion to vacate post-release control. By entry filed February 28, 2018, the trial court overruled the motion to vacate post-release control, stating that "[t]he Court expressly used the word 'mandatory' making it abundantly clear that PRC was mandatory." Dkt. No. 2.

{¶ 7} Montgomery appeals.


## II.    Analysis

{¶ 8} Montgomery's sole assignment of error provides as follows:

THE TRIAL COURT ERRED WHEN IT DID NOT VACATE GREGORY

MONTGOMERY'S VOID POSTRELEASE CONTROL.

{¶ 9} Montgomery contends that the post-release control imposed by the trial court in 1998 is void. He further contends that, because he has served his prison sentence, the post-release control must be vacated.

{¶ 10} A trial court has a statutory duty to provide notice of post-release control at the sentencing hearing. *State v. Grimes*, 151 Ohio St.3d 19, 2017-Ohio-2927, 85 N.E.3d 700, ¶ 8, quoting *State v. Jordan*, 104 Ohio St.3d 21, 2004-Ohio-6085, 817 N.E.2d 864, ¶ 23. If the offender has been convicted of a felony subject to mandatory post-release control, the trial court must advise the offender that he or she "will" be supervised. *Id.* ¶ 9, citing R.C. 2929.19(B)(2)(c) and 2967.28(B). Further, the trial court must notify the defendant of the length of the term of supervision for each degree of felony as established by R.C. 2967.28(B) and (C), and that if he or she "violates that supervision * * *, the parole board may impose a prison term, as part of the sentence, of up to one-half of the stated prison term originally imposed upon the offender." *Id.* Any sentence imposed without proper notification is contrary to law. *Id.* at ¶ 8, citing *Jordan* at ¶ 23.

{¶ 11} The notifications regarding post-release control must be incorporated into the sentencing entry. *Jordan* at ¶ 22. The sentencing entry must contain the following information: "(1) whether postrelease control is discretionary or mandatory, (2) the duration of the postrelease-control period, and (3) a statement to the effect that the Adult Parole Authority * * * will administer the postrelease control pursuant to R.C. 2967.28 and that any violation by the offender of the conditions of postrelease control will subject the

offender to the consequences set forth in that statute." *Grimes* at ¶ 1.

{¶ 12} "[W]hen a judge fails to impose statutorily mandated post[-]release control as part of a defendant's sentence, that part of the sentence is void and must be set aside." *State v. Tanksley*, 2d Dist. Clark No. 2015-CA-80, 2016-Ohio-2963, ¶ 8, quoting *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, ¶ 26; *State v. Holdcroft*, 137 Ohio St.3d 526, 2013-Ohio-5014, 1 N.E.3d 382, ¶ 7. If a post-release control provision of a sentence is determined to be void after a defendant has completed his prison term, the error cannot be corrected and the defendant "cannot be subjected to a period of post-release control." *State v. Adkins*, 2d Dist. Greene No. 2010-CA-69, 2011-Ohio-2819, ¶ 13; *accord Tanksley* at ¶ 24. *See also State v. Holdcroft*, 137 Ohio St.3d 523, 2013-Ohio-5014, 1 N.E.3d 382, ¶ 5 (once a defendant has served his prison sentence, a trial court loses jurisdiction to resentence for purposes of imposing post-release control.

{¶ 13} This court, in *State v. Singleton*, 2d Dist. Montgomery No. 27329, 2017-Ohio-7265, addressed the factual pattern presented by Montgomery:

The problem is not that the trial court failed to recite the word "mandatory" when it advised [the defendant] about post-release control. The problem is that the trial court advised [the defendant] at his sentencing hearing and in its termination entry that he faced "up to five years" of post-release control. This court repeatedly has held that imposing post-release control for "up to" a certain period of time, when post-release control is mandatory for that period of time, renders the post-release control portion of a defendant's sentence void, not merely voidable. *See, e.g., State v.*

*Tanksley*, 2d Dist. Clark No. 2015-CA-80, 2016-Ohio-2963, ¶ 24 ("In light of the foregoing, we conclude that the trial court's imposition of post-release control for Tanksley's aggravated robbery conviction is void as a result of the improper 'up to' language that is contained in the sentencing entry."); *State v. Jones*, 2d Dist. Montgomery No. 26228, 2015-Ohio-1749, ¶ 5 ("It has been repeatedly held that 'up to' language is insufficient when post-release control is mandatory and such error causes the post-release control portion of the sentence to be void."); *State v. Adkins*, 2d Dist. Greene No. 2010-CA-69, 2011-Ohio-2819, ¶ 6 ("In the present case, the trial court advised Adkins orally, and in its re-sentencing entry, that he was subject to mandatory post-release control for 'up to' five years. The parties agree that, in reality, Adkins was subject to mandatory post-release control for the entire five years. Logically, 'up to' five years also includes five years and could not conceivably prejudice the defendant. But, the case law is to the contrary. Therefore, the post-release control portion of Adkins's sentence is void.").

*Id.* at ¶ 6.

**{¶ 14}** Neither the sentencing entry nor a transcript of the sentencing hearing has been included in the record before us.[1]   However, Montgomery attached to his motion to vacate copies of what purport to be a transcript of the sentencing hearing and the sentencing entry.   The transcript reveals that the trial court did not address post-release

---

[1] We note that Montgomery, in his criminal docket statement of appeal, did request a summary of the docket and journal entries.   Thus, the sentencing entry was properly requested.   However, he did not request the filing of any transcripts.

control during the sentencing hearing, and that the sentencing entry utilizes the "up to" language. While neither of these issues is directly before us, we note that the State, in its brief, acknowledges that, pursuant to this court's case law, the post-release control portion of Montgomery's sentence was not properly imposed and is void. Further, the State did not contest, at the trial court level, the use of the exhibits attached to Montgomery's motion. Thus, we may presume that these documents accurately reflect the actions taken by the trial court.

{¶ 15} The State asks us to ignore our case law on this issue, and to "align" ourselves with the Tenth and Seventh District Courts of Appeals, which, according to the State, have held that the use of the words "up to" do not render the post-release control provision of a sentence void. Specifically, the State cites to *State v. Maser*, 10th Dist. Franklin No. 15AP-129, 2016-Ohio-211, and *State v. Zechar*, 7th Dist. Mahoning No. 17 MA 111, 2018-Ohio-3731. However, we find both of these cases to be factually distinguishable.

{¶ 16} In *Maser*, although the trial court, at the sentencing hearing, utilized the words "up to" in imposing post-release control, the Court of Appeals found that the post-release control provision was not rendered void. *Id.* at ¶ 16. The Court relied upon the fact that, during the sentencing hearing, the defendant signed a form that correctly informed him that he was subject to a mandatory five-year term of post-release control. *Id.* at ¶ 15. Thus, the Court determined that the totality of the circumstances indicated that the defendant was sufficiently notified of the post-release control terms. *Id.* at ¶ 16. Unlike the defendant in *Maser*, Montgomery never received a correct recitation of the terms of his post-release control.

{¶ 17} In *Zechar*, the Seventh District Court of Appeals noted that, while the sentencing entry used the "up to" language, the defendant was appropriately notified of the length and mandatory nature of post-release control during the sentencing hearing. *Zechar* at ¶ 19, 20. Thus, the court determined that the post-release control provision was not void. *Id.* In Montgomery's case, the trial court did not make any reference to post-release control during the sentencing hearing; thus, error was committed at both the hearing and in the sentencing entry.     .

{¶ 18} We conclude that the trial court did not properly impose post-release control. Given that Montgomery has completed his sentence, the trial court cannot now re-impose post-release control. Accordingly, Montgomery's sole assignment of error is sustained.

### III.     Conclusion

{¶ 19} Because we have found that Montgomery's motion to vacate post-release control should have been granted, the trial court's judgment denying the motion is reversed, and Montgomery's post-release control is vacated. The cause is remanded for the trial court to notify the APA about the vacation of the post-release control.

. . . . . . . . . . . .

DONOVAN, J. and HALL, J., concur.

Copies sent to:

Andrew P. Pickering
Stephen P. Hardwick
Hon. Douglas M. Rastatter