[Cite as *State v. Maser*, 2016-Ohio-211.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | No. 15AP-129 |
| | | (C.P.C. No. 98CR-1122) |
| v. | : | |
| | | (REGULAR CALENDAR) |
| Chad M. Maser, | : | |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on January 21, 2016

*Ron O'Brien*, Prosecuting Attorney, and *Steven L. Taylor*, for appellee.

*Yeura R. Venters*, Public Defender, and *Terrence K. Scott*, for appellant.

APPEAL from the Franklin County Court of Common Pleas

BROWN, J.

{¶ 1} This is an appeal by defendant-appellant, Chad M. Maser, from a judgment of the Franklin County Court of Common Pleas denying his "motion to vacate void postrelease control."

{¶ 2} On March 31, 1998, appellant entered a guilty plea to five counts of gross sexual imposition, in violation of R.C. 2907.05, all felonies of the third degree. By judgment entry filed May 19, 1998, the trial court imposed consecutive sentences of three years on each count. The court further found appellant to be a sexual predator pursuant to R.C. 2950.09.

{¶ 3} Appellant filed an appeal asserting that the trial court erred in imposing consecutive sentences and in determining that he was a sexual predator. In *State v. Maser,* 10th Dist. No. 98AP-689 (Apr. 20, 1999), this court affirmed the trial court's determination that appellant was a sexual predator, but found that the trial court erred in failing to make the necessary findings for the imposition of consecutive sentences. We therefore remanded the matter for resentencing.

{¶ 4} On September 15, 1999, the trial court conducted a resentencing hearing. By judgment entry filed September 24, 1999, the court again sentenced appellant to five consecutive three-year terms of imprisonment. Appellant appealed that judgment asserting that the trial court erred in imposing consecutive sentences. In *State v. Maser,* 10th Dist. No. 99AP-1197 (July 20, 2000), this court affirmed the judgment of the trial court.

{¶ 5} On November 20, 2013, appellant filed a "motion to vacate void postrelease control," asserting that the trial court's post-release sanction was not properly imposed. In the accompanying memorandum in support, appellant argued he had completed his sentence (on November 16, 2012) and was now on post-release control. Appellant noted that the trial court, during the 1999 resentencing hearing, orally stated: "Now, after you are released from the institution, you would have a period of post-release control up to a maximum five years." (Sept. 15, 1999 Tr. 34.) Appellant also cited language from the trial court's September 24, 1999 resentencing entry, which stated: "After the imposition of sentence, the Court notified the Defendant, orally and in writing, of the possibility of 'Bad Time' pursuant to R.C. 2929.19(B)(3)(b) and the applicable periods of post-release control pursuant to R.C. 2929.19(B)(3)(c), (d) and (e)."

{¶ 6} On December 2, 2013, the state filed a memorandum contra appellant's motion to vacate. By decision and entry filed January 28, 2015, the trial court denied appellant's motion.

{¶ 7} On appeal, appellant sets forth the following assignment of error for this court's review:

> The trial court erred by failing to vacate Mr. Maser's postrelease control.

{¶ 8} Under his single assignment of error, appellant argues that the trial court erred in failing to terminate his post-release supervision because, he contends, the court did not properly impose post-release control. Specifically, appellant argues that the trial court, during the 1999 resentencing proceedings, orally imposed a term of post-release control that was not mandatory and journalized a statutorily deficient resentencing entry which did not accurately reflect the mandatory five-year term to which he was subject under R.C. 2929.19(B)(2). According to appellant, the trial court's entry merely referenced the court's oral order on post-release control during sentencing which inaccurately informed him that his post-release term would be "up to" five years.

{¶ 9} Under Ohio law, "[a] trial court must notify a defendant of post-release control, if applicable, at sentencing and in the court's sentencing judgment entry." *State v. Albert,* 10th Dist. No. 14AP-30, 2015-Ohio-249, ¶ 30. This court utilizes "a 'totality of the circumstances' test to determine whether or not the defendant was properly notified of post-release control." *State v. Williams,* 10th Dist. No. 10AP-1135, 2011-Ohio-6231, ¶ 23. As such, a trial court sufficiently fulfills its statutory obligations "when its oral and written notifications, taken as a whole, properly informed the defendant of post-release control." *State v. Boone,* 10th Dist. No. 11AP-1054, 2012-Ohio-3653, ¶ 18.

{¶ 10} In his motion to vacate, appellant argued before the trial court that the fact he signed a "Notice (Prison Imposed)" form, reflecting that he would have a period of post-release control of five years, was not dispositive. Appellant acknowledged cases from this court to the contrary, but submitted that those cases were in error.

{¶ 11} The trial court, in denying appellant's motion, held that "the language in the sentencing entry is consistent with * * * language deemed acceptable by the Tenth District Court of Appeals." The trial court further held that, while the oral notification was "arguably 'inartfully' stated," any claims relating to that language were non-jurisdictional, and that "the oral and written notification given at defendant's sentencing hearing clearly put him on notice that he was subject to a mandatory post-release control term of five years." Upon review, we agree.

{¶ 12} This court has previously held that "even though the phrase 'up to' has 'discretionary' connotations, mistaken use of such language does not render defendant's post-release control notification void." *Id.* at ¶ 30. *See also Surella v. Ohio Adult Parole*

*Auth.,* 10th Dist. No. 11AP-499, 2011-Ohio-6833, ¶ 27 ("[t]he existence of the words 'up to' in the sentencing entry did not render appellant's post-release control sentence void"). This court has also rejected a defendant's claim that the post-release portion of his sentence was void because post-release control was not properly incorporated into the sentencing entry, holding that post-release control may be properly imposed when the "applicable periods" language in a trial court's sentencing entry "is combined with other written or oral notification of the imposition of post-release control." *State v. Ragland,* 10th Dist. No. 13AP-451, 2014-Ohio-798, ¶ 17. *See also State v. Draughon,* 10th Dist. No. 11AP-703, 2012-Ohio-1917, ¶ 14 (noting that, in a "series of cases beginning with *State v. Mays,* 10th Dist. No. 10AP-113, 2010-Ohio-4609, this court has consistently held that a trial court properly imposes post-release control when the 'applicable periods' language in the trial court's sentencing entry * * * is combined with other written or oral notification of the imposition of post-release control"). Further, "where a sentencing entry incorporates post-release control as part of the sentence, claims that such language was 'inartfully phrased' are non-jurisdictional and concern, at most, voidable error." *Surella* at ¶ 23.

{¶ 13} This court has also rejected claims, similar to the one made by appellant in the instant case, challenging the adequacy of the "Prison Imposed" notice. *See Boone* at ¶ 27 ("Despite defendant's argument to the contrary, the 'Prison Imposed' notice adequately advised defendant of the potential sanctions for violating post-release control."); *State v. Easley,* 10th Dist. No. 10AP-505, 2011-Ohio-2412, ¶ 17 (finding "the 'Prison Imposed' notice * * * sufficient to satisfy the requirement that [the defendant] be 'notified' at the hearing of the imposition of post-release control and of the sanctions for violating post-release control"); *State v. Jordan,* 10th Dist. No. 13AP-666, 2014-Ohio-1193, ¶ 13 (language in "Notice (Prison Imposed)" form, advising appellant he would be on post-release control for a period of five years after his release from prison, "in addition to the 'applicable periods' language in the trial court's sentencing entry * * * sufficient to properly notify appellant of [post-release control]").

{¶ 14} In a recent decision of this court, *Albert*, the trial court failed to orally notify the appellant of post-release control during the sentencing hearing. The appellant, however, "signed a 'Notice (Prison Imposed)' form on the day of his sentencing,"

indicating "a five-year period of [post-release control] that would follow appellant's release and the possible sanctions for a violation of post-release control." *Id.* at ¶ 31. Further, the trial court's sentencing entry provided that the court notified appellant of the "applicable period" of post-release control pursuant to R.C. 2929.19(B)(3)(c), (d), and (e). *Id.* In *Albert,* this court cited previous decisions of this court finding "these two documents to be sufficient to properly notify a defendant of [post-release control] even in the absence of oral notification." *Id.*, citing *State v. Cunningham*, 10th Dist. No. 10AP-452, 2011-Ohio-2045, ¶ 18, and *Jordan* at ¶ 11-13.  The court in *Albert* thus found that "the trial court properly notified appellant of [post-release control]." *Id.* at ¶ 31.

{¶ 15} In the present case, at both the original sentencing hearing and the resentencing hearing, the trial court orally advised appellant of post-release control. Specifically, at the original 1998 sentencing hearing, the trial court informed appellant: "After you are released from prison, you will have a period of post-release control for a maximum of five years."  (May 15, 1998 Tr. 16.)  As noted by appellant, during the resentencing hearing, the trial court informed appellant: "Now, after you are released from the institution, you would have a period of post-release control up to a maximum five years." (Sept. 15, 1999 Tr. 34.)  Further, at the time of re-sentencing, appellant and his counsel signed a "Notice (Prison Imposed)" form, informing appellant of "Post-Release Control," and stating in relevant part: "After you are released from prison, you will * * * have a period of pose-release [sic] control for 5 years following your release from prison." A note at the bottom of that document also informed him: "F-1 and felony sex offenders-mandatory 5 years."  The trial court's resentencing entry, as previously noted above, stated in part: "After the imposition of sentence, the Court notified the Defendant, orally and in writing, of the possibility of 'Bad Time' pursuant to R.C. 2929.19(B)(3)(b) and the applicable periods of post-release control pursuant to R.C. 2929.19(B)(3)(c), (d) and (e)."

{¶ 16} Here, based upon the totality of the circumstances, and despite the trial court's mistaken use of language in advising appellant orally at the resentencing hearing, we find that the record supports a determination that the court sufficiently notified appellant of his post-release control term.  Accordingly, appellant's sentence was not void, and the trial court did not err in denying his motion to vacate.

{¶ 17} Based upon the foregoing, appellant's single assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas is hereby affirmed.

*Judgment affirmed.*

SADLER and HORTON, JJ., concur.

_____