[Cite as *State v. Davic*, 2016-Ohio-4883.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 15AP-1000 |
| v. | : | (C.P.C. No. 10CR-6766) |
| Bradford S. Davic, | : | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on July 7, 2016

**On brief:** *Ron O'Brien*, Prosecuting Attorney, and *Seth L. Gilbert*, for appellee.

**On brief:** *Bradford S. Davic*, pro se.

APPEAL from the Franklin County Court of Common Pleas

TYACK, J.

{¶ 1} Bradford S. Davic is appealing from the trial court's failure to grant him relief from various aspects of the sentence he received following his guilty plea to four counts of rape, one count of felony importuning, and one count of gross sexual imposition. He assigns six assignments of error for our consideration:

> [I.] None of the issues presented in Davic's Motion for Resentencing should have been barred by res judicata.
>
> [II.] The Trial Court lacked the authority to sentence Davic outside of the statutory range on each of the six counts to which he pled guilty, in violation of Section § 5145.01 of the Ohio Revised Code, and in violation of his Due Process protections under the Fifth and Fourteenth Amendments to the U.S. Constitution and Section 16, Article I of the Ohio Constitution.

[III.] The Trial Court violated Davic's Equal Protection rights under the Fourteenth Amendment to the U.S. Constitution and Section 16, Article I of the Ohio Constitution when it sentenced him to four counts of rape under R.C. 2907.02(A)(1)(b) and (B), instead of sexual battery under R.C. 2907.03(B).

[IV.] Contrary to Crim.R. 32, and in violation of Davic's Due Process protections under the Fifth and Fourteenth Amendments to the U.S. Constitution and Section 16, Article I of the Ohio Constitution, the Trial Court provided improper notification to Davic at sentencing regarding his classification as a registered sex offender.

[V.] Contrary to Ohio sentencing laws, and in violation of Davic's right to Due Process protections under the Fifth and Fourteenth Amendments to the U.S. Constitution and Section 16, Article I of the Ohio Constitution, the Trial Court employed the sentencing-package doctrine in imposing upon Davic a total sentence of forty years to life.

[VI.] The Trial Court improperly imposed post-release control upon Davic at sentencing, in violation of his Due Process protections under the Fifth and Fourteenth Amendments to the U.S. Constitution and Section 16, Article I of the Ohio Constitution.

{¶ 2} Davic received a basic sentence of 10 years incarceration on each of the rape convictions.  The sentences were ordered to be served consecutively.  The sentences for importuning and gross sexual imposition were ordered to be served concurrently with the incarceration for the rape conviction.  Because the victim of the rapes was less then 13 years of age, the sentence on each of the rape charges carried a lifetime of incarceration. Stated more clearly, Davic was ordered to serve 40 years of incarceration to be followed by imprisonment until the Ohio Adult Parole Authority ordered his release.  His conviction also made him a Tier III sexual offender.

{¶ 3} Davic has previously pursued appeals from his guilty pleas and the sentences imposed, but the judgments and sentences were affirmed.  *State v. Davic*, 10th Dist. No. 11AP-555, 2012-Ohio-952.  The Supreme Court of Ohio did not accept the appeal for review.  *State v. Davic*, 132 Ohio St.3d 1482, 2012-Ohio-3334.  Davic's petition for a

writ of habeas corpus was dismissed by the Southern District of Ohio. *Davic v. Warden, Trumbull Corr. Inst.*, S.D.Ohio No. 2:13-CV-00736 (Nov. 12, 2014).

{¶ 4} In August 2015, Davic filed a motion for resentencing seeking relief on a theory that his sentences were void. The trial court's denial relied on the doctrine of res judicata and found that the sentence was not void, leading to this appeal. *State v. Davic*, Franklin C.P. No. 10CR-6766 (Oct. 14, 2015).

{¶ 5} Davic's previous appeal disposes of all the issues presented now except to the extent any of the judgments or sentences were void. Trial courts retain continuing jurisdiction to correct a void sentence and to correct a clerical error in a judgment, but they lack authority to reconsider their own valid final judgments in criminal cases. *State v. Raber*, 134 Ohio St.3d 350, 2012-Ohio-5636, ¶ 20, citing *State ex rel. Cruzado v. Zaleski*, 111 Ohio St.3d 353, 2006-Ohio-5795, ¶ 19; *State ex rel. White v. Junkin*, 80 Ohio St.3d 335, 338 (1997). We, therefore, address whether any of Davic's judgments or sentences were void. Simply stated, they were not. At most, some were voidable, but not void.

{¶ 6} In general, a void judgment is one that has been imposed by a court that lacks subject-matter jurisdiction over the case or the authority to act. *State v. Payne*, 114 Ohio St.3d 502, 2007-Ohio-4642, ¶ 27. Unlike a void judgment, a voidable judgment is one rendered by a court that has both jurisdiction and authority to act, but the court's judgment is invalid, irregular, or erroneous. *Id.* "Ohio law has consistently recognized a narrow, and imperative, exception to that general rule: a sentence that is not in accordance with statutorily mandated terms is void." *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, ¶ 8. When an appellate court concludes that a sentence imposed by a trial court is in part void, only the portion that is void may be vacated or otherwise amended. *Id.* at ¶ 28.

{¶ 7} Davic pled guilty to four violations of R.C. 2907.02(A)(1)(b), but not the specifications of a sexually violent predator. The sentences he received of 10 years to life were consistent with that statute. Because the sentence conformed with the statutory range, the sentences were not void. *See Fischer.*

{¶ 8}  Davic traveled to Columbus, Ohio from Pennsylvania to have sexual relations with a young girl.  After an extended sexual encounter, Davic was found in a Columbus park.  The girl was still naked from the waist down.  Davic later confessed to the full range of sexual activity between the two of them.

{¶ 9}  When Davic entered his guilty pleas, he was informed that he faced sentences totaling 53 years to life of incarceration.  (Apr. 13, 2011 Tr. at 7.)  Davic informed the court that he understood and had no questions for the court or his defense attorney.  (Tr. at 8.)  When the trial court judge ordered the sentences on the importuning and gross sexual imposition charges to be run concurrently with the sentences on the rape charges, the total went down to 40 years to life.  The sentences given were in accord with law.

{¶ 10} Addressing the assignments of error individually, the first assignment of error argues that none of the issues presented in Davic's motion for resentencing should have been barred by res judicata.

{¶ 11} "Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding, except an appeal from that judgment, any defense or claimed lack of due process that 'was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment.' "  *State v. Chapin*, 10th Dist. No. 14AP-1003, 2015-Ohio-3013, ¶ 7, quoting *State v. Perry*, 10 Ohio St.2d 175 (1967), paragraph nine of the syllabus.  Further, "[i]t is well-settled that, 'pursuant to res judicata, a defendant cannot raise an issue in a [petition] for post conviction relief if he or she could have raised the issue on direct appeal.' "  *State v. Elmore*, 5th Dist. No. 2005-CA-32, 2005-Ohio-5940, ¶ 21, quoting *State v. Reynolds*, 79 Ohio St.3d 158, 161 (1997).  Concerning Davic's case, res judicata applies to all the sentences which were not void at the time of the initial appeal.

{¶ 12} The first assignment of error is overruled.

{¶ 13} The second assignment of error argues that the trial court violated Ohio Adm.Code Section 5145.01 and Davic's right to due process found in the Fifth and Fourteenth Amendments to the United States Constitution and Article I, Section 16 of the

Ohio Constitution when Davic was sentenced outside of the statutory range on each of the six counts to which he pled guilty. Davic was, in fact, sentenced in accord with the applicable statute. Davic pled to 4 counts of rape, a first degree felony, with a minimum term of 10 years and maximum term of life imprisonment. R.C. 2907.02(B); R.C. 2971.03(B)(1)(a). The trial court sentenced Davic to 40 years to life with the sentences for rape served consecutively. Davic also plead to one count of gross sexual imposition and importuning, for which he received 5 and 8 years respectively to be served concurrently with the rape sentences. R.C. 2907.05(C)(2), 2907.07(F)(2), 2929.14(A)(3) and 2929.14(A)(2).

{¶ 14} The second assignment of error is overruled.

{¶ 15} The third assignment of error argues Davic's right to equal protection under the Fourteenth Amendment to the United States Constitution and Article I, Section 16 of the Ohio Constitution was violated when the trial court sentenced him to four counts of rape under R.C. 2907.02(A)(1)(b) and (B), instead of sexual battery under R.C. 2907.03(B)

{¶ 16} Nothing about the proceedings in the trial court raised equal protection issues. The principle is well established in law that a party cannot raise new issues or legal theories for the first time on appeal. *State v. Atchley*, 10th Dist. No. 07AP-412, 2007-Ohio-7009, ¶ 8, citing *Stores Realty Co. v. Cleveland*, 41 Ohio St.2d 41, 43 (1975). Davic was sentenced based upon his extended sexual activity with a 12-year-old girl. His guilty pleas corresponded with the felonies he violated.

{¶ 17} The third assignment of error is overruled.

{¶ 18} The fourth assignment of error argues that in violation of Davic's right to due process, under the Fifth and Fourteenth Amendments to the United States Constitution and Article I, Section 16 of the Ohio Constitution, the trial court provided improper notification to Davic at sentencing regarding his classification as a registered sex offender.

{¶ 19} Davic was clearly notified by the trial judge that he would be classified as a Tier III sexual offender and that his pleas would make him a Tier III sexual offender once the convictions were journalized. (May 20, 2011 Tr. at 32.)

{¶ 20} The fourth assignment of error is overruled.

{¶ 21} The fifth assignment of error argues that the trial court's reliance on the sentencing-package doctrine in imposing a total sentence of 40 years to life was contrary to Ohio sentencing law, and in violation of Davic's right to due process protection.

{¶ 22} Trial court judges consistently look at the big picture when sentencing an offender. The judges look at the totality of what the criminal defendant did and attempt to match a sentence to the conduct demonstrated and the person who committed the proven offenses. That is exactly what Ohio's sentencing statutes require and precisely what the trial judge did in Davic's case. No error occurred.

{¶ 23} The fifth assignment of error is overruled.

{¶ 24} The sixth assignment of error is also overruled which argued the trial court erred in imposing post-release control. Ohio's statutes contemplate that post-release control will be imposed at the time of sentencing. Davic's criminal conduct mandated that post-release control be imposed. The trial court did not err in its handling of the aspect of the sentence as it verbally informed Davic that he will face a five year post-release control and Davic also signed a "Notice (Prison Imposed)" that informed him of five years of post-release control. (May 24, 2011 Notice), *State v. Maser*, 10th Dist. No. 15AP-129, 2016-Ohio-211.

{¶ 25} Further in addressing other arguments made by Davic in his brief, we reiterate that this court rules on assignments of error only, and will not address mere arguments unconnected to one. *Ellinger v. Ho*, 10th Dist. No. 08AP-1079, 2010-Ohio-553, ¶ 70; *see In re Estate of Taris*, 10th Dist. No. 04AP-1264, 2005-Ohio-1516, ¶ 5-6 (refusing to address any "contentions in the argument section of the brief that do not plainly fall under one of the listed assignments of error"). "This is procedurally necessary, as we are permitted to sustain or overrule only assignments of error and not mere arguments." *In re Estate of Taris* at ¶ 5, *see* App.R. 12(A)(2).

{¶ 26} All six assignments of error having been overruled, the judgment of the trial court is affirmed.

*Judgment affirmed.*

**HORTON, J., concurs.**
**DORRIAN, P.J., concurs in judgment only.**

———————————