[Cite as *State v. Hillman*, 2017-Ohio-8217.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 17AP-256 |
| v. | : | (C.P.C. No. 13CR-6648) |
| Robert L. Hillman, | : | (ACCELERATED CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on October 17, 2017

**On brief:** *Ron O'Brien,* Prosecuting Attorney, and *Kimberly M. Bond,* for appellee.

**On brief:** *Robert L. Hillman,* pro se.

APPEAL from the Franklin County Court of Common Pleas

HORTON, J.

{¶ 1} Defendant-appellant, Robert L. Hillman, pro se, appeals the March 13, 2017 judgment of the Franklin County Court of Common Pleas denying his postconviction petition to vacate his sentences. For the reasons that follow, we affirm the judgment of the trial court.

I. FACTS AND PROCEDURAL HISTORY

{¶ 2} The facts are more fully detailed in appellant's direct appeal of his convictions. *State v. Hillman*, 10th Dist. No. 14AP-252, 2014-Ohio-5760[1] ("*Hillman I*"), ¶ 2-10. As pertinent to this appeal, on November 21, 2013, appellant was indicted for attempted burglary (Count 1 of the indictment), burglary (Count 2 of the indictment), and

---

[1] Discretionary appeal not allowed by the Supreme Court of Ohio. *State v. Hillman*, 141 Ohio St.3d 1475, 2015-Ohio-554.

burglary (Count 3 of the indictment) in case No. 13CR-6206. On December 19, 2014, appellant was indicted for burglary (Count 1 of the indictment), theft (Count 2 of the indictment), and receiving stolen property ("RSP") (Count 3 of the indictment) in case No. 13CR-6648. On January 17, 2014, the state moved for joinder of the cases for purposes of trial, which was granted. On January 27, 2014, appellant requested that his lawyer be allowed to withdraw and he represent himself. The court granted that motion on February 11, 2014. The trial began on February 18, 2014. On February 20, 2014 the jury returned a verdict of guilty as to all counts on both cases.

{¶ 3} In case No. 13CR-6648, the trial court sentenced appellant as follows:

> The Court hereby imposes the following sentence: **Six (6) years as to Count One; For purposes of sentencing Counts Two and Three merge and the Defendant is sentenced to Twelve (12) months on those counts at the Ohio Department of Rehabilitation. Counts One and, merged Counts Two and Three, to be served concurrently to each other but consecutively to Case No. 13CR-6206.**

(Emphasis sic.) (Feb. 25, 2014 Jgmt. Entry in case No. 13CR-6648.) As such, the trial court sentenced appellant to 6 years for Count 1 of the indictment, burglary, and 12 months combined for the merged Count 2 of the indictment, theft, and Count 3 of the indictment, RSP.

{¶ 4} In case No. 13CR-6206, the trial court sentenced appellant as follows:

> The Court hereby imposes the following sentence: **Two (2) years as to Count One; Six (6) years as to Count Two; and Six (6) years as to Count Three at the Ohio Department of Rehabilitation. Counts Two and Three to be served consecutively to each other and to Case No. 13CR-6648 but concurrently to Count One.**

(Emphasis sic.) (Feb. 25, 2014 Jgmt. Entry in case No. 13CR-6206.) As such, the trial court sentenced appellant to 2 years for Count 1 of the indictment, attempted burglary, and 6 years each for Count 2 of the indicment, robbery, and Count 3 of the indictment, robbery.

{¶ 5} Appellant filed a notice of appeal on March 27, 2014. The trial transcript was transmitted to this court on June 6, 2014. Meanwhile, appellant began to engage in extensive post-judgment motion practice. Our review of the record shows that, prior to

the motion to vacate that is the subject of this appeal, appellant has filed approximately 15 post-judgment motions, requests, and petitions with the trial court, many of which are repetitive, including a motion for a new trial, and a petition to vacate or set aside the judgment of conviction and sentence. Appellant's motions, requests, and petitions were all denied. The Supreme Court of Ohio has also addressed, and denied, an application to disqualify the trial judge.

{¶ 6} On December 30, 2014, we affirmed the judgment of the trial court, but also having found that the trial court's judgment entry contained a clerical error, we remanded the case to that court for the purpose of issuing a nunc pro tunc judgment entry correcting said error. Appellant filed motions for reconsideration, to certify a conflict, for en banc consideration, and for judicial notice, which were denied. *See State v. Hillman*, 10th Dist. No. 14AP-252 (Feb. 24, 2015) (memorandum decision).

{¶ 7} On January 24, 2017, over two years after this court affirmed his convictions, appellant again filed a motion to vacate his sentences. In the decision and entry of March 13, 2017, the trial court denied appellant's petition stating:

> This matter is before this Court on Defendant's Motion to Vacate Sentence, filed January 24, 2017. The present motion is the latest in a long line of motions filed by Defendant in an attempt to have his validly imposed conviction and sentence overturned. The Court has said it before and will say it again; the Court sees no reason in which to vacate Defendant's conviction or sentence. As such, Defendant's motion is not well-taken, and is hereby DENIED.

{¶ 8} Appellant filed a notice of appeal on April 12, 2017.

## II. APPELLANT'S MOTION TO STRIKE APPELLEE'S BRIEF DENIED

{¶ 9} On September 13, 2017, appellant filed a motion to strike appellee's brief as an act of fraud upon the court. Appellant alleges that appellee's "brief contains several misstatements of law and material facts which were deliberately designed to corrupt the outcome of this current appeal." (Appellant's Mot. to Strike at 1.) Appellant states that appellee's arguments that appellant's reliance on a Civ.R. 60(B) motion is misplaced, and that appellant did not properly invoke the trial court's jurisdiction, is evidence that "appellee will deliberately try an decieve this court by mis-stating the law simply to win." (Sic passim.) (Appellant's Mot. to Strike at 2.) We disagree. We find no evidence in our

review of appellee's brief of any intent to perpetrate a fraud on this court. As such, appellant's motion to strike is denied.

## III. ASSIGNMENTS OF ERROR

{¶ 10} Appellant assigns the following errors for our review:

[I.] APPELLANT CONTENDS THAT THE TRIAL COURT DENIED HIM DUE PROCESS AND EQUAL PROTECTION OF THE LAW UNDER THE 1ST, 5TH, 8TH, AND 14TH AMENDMENTS TO THE UNITED SATTES CONSTITUTIONS WHERE THE TRIAL COURT JUDGE MR. DAVID CAIN DELIBERATELY FAILED TO ADHERE TO THE DOCTRINE OF STARED DECISIS, WHICH VIOLATED FEDERAL CONSTITUTIONAL DOUBLE JEOPARDY LAWS, AND STATE LAWS PURSUANT TO R.C. 2941.25 (A), WHERE THERE WAS NEVER A ALLIED OFFENSE HEARING HELD, WHICH IS REQUIRED BY LAW PRIOR TO SENTENCING AS THE THEFT AND RECIEVING ARE ALLIED OFFENSES, AND THE TRIAL COURT WAS AUTHORIZED TO CORRECT ITS ERROR.

[II.] APPELLANT CONTENDS THAT THE TRIAL COURT DENIED HIM DUE PROCESS AND EQUAL PROTECTION OF THE LAW UNDER THE 1ST, 5TH AND 14TH AMENDMENTS TO THE UNITED STATES CONSTTUTIONS WHERE THE JUDGE DELIBERATELY ATTEMPTED TO DENY APPELLANT MEANINGFUL ACCESS TO THE COURTS BY REPETEDLY FAILING TO ADHERE TO STATUTORY MANDATES AND PROVIDING APPELLANT WITH FINDINGS OF FACTS AND CONCLUSIONS OF LAW PURSUANT TO R.C. 2953.21 (C) AND (G) BECAUSE THE TRIAL JUDGE HOLDS AN INTEREST IN THE OUTCOME OF THE PROCEEDINGS, WHICH IS PLAIN ERROR UNDER CRIM. R. 52 (B).

(Sic passim.)

## IV. ASSIGNMENT OF ERROR 1—UNTIMELY, BARRED BY RES JUDICATA, AND OTHERWISE LACKS MERIT

{¶ 11} Appellant claims his sentence is contrary to law and is therefore void and a nullity. He states that a defendant may be indicted and tried for allied offenses of similar import, but may be sentenced only once or on one count. Appellant argues that he was sentenced to multiple sentences for allied offenses, i.e., in case No. 13CR-6648 he was given a one-year sentence for theft, and a one-year sentence for the RSP, to be run

concurrently to one another, and that the convictions for those allied offenses should have legally merged into one single conviction, but that the trial court failed to do so. He argues that we, in *Hillman I*, incorrectly found that the trial court did merge the theft and RSP counts, and cites the following language from *Hillman I* in support of his argument that the sentences were not merged:

> On February 25, 2014, the trial court sentenced appellant, merging the theft count with the receiving stolen property count. The court imposed a sentence of six years for each of the three counts of burglary, to be served consecutively to each other for a total of eighteen years, and a total of three years as to all other counts, to be served concurrently with the sentences for the counts of burglary.

*Id.* at ¶ 11.

{¶ 12} For the following reasons, appellant's first assignment of error lacks merit. As an initial matter, in his motion below, appellant relied on Civ.R. 60(B). However, "a Civ.R. 60(B) motion to vacate is not the proper method of asserting constitutional errors in sentencing." *State v. Randlett*, 10th Dist. No. 06AP-1073, 2007-Ohio-3546, ¶ 17. As such, "[w]here a criminal defendant, subsequent to his or her direct appeal, files a motion seeking vacation or correction of his or her sentence on the basis that his or her constitutional rights have been violated, such a motion is a petition for postconviction relief as defined in R.C. 2953.21." *State v. Reynolds*, 79 Ohio St.3d 158 (1997), syllabus; *State v. Smotherman*, 10th Dist. No. 16AP-471, 2016-Ohio-8133.

{¶ 13} Construed as a petition for postconviction relief, appellant's motion was barred as untimely and successive. Except as provided in R.C. 2953.23, R.C. 2953.21 allows only a limited time to file a petition for postconviction relief, which "shall be filed no later than three hundred sixty-five days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication" challenged by the petition. R.C. 2953.21(A)(2). This restriction is jurisdictional, as "a court may not entertain a petition filed after the expiration of" that time period. R.C. 2953.23(A). *See also State v. Hanks*, 10th Dist. No. 98AP-70 (June 25, 1998), and *State v. Ayala*, 10th Dist. No. 98AP-349 (Nov. 10, 1998).

{¶ 14} Here, the trial transcript for appellant's direct appeal was filed with this court on June 6, 2014. Thus, appellant's 365-day deadline to file a petition for

postconviction relief expired on June 6, 2015. Appellant did not file his petition until January 24, 2017, over one and one-half years after the deadline expired. Thus, appellant's petition for postconviction relief is untimely.

{¶ 15} Because appellant's amended petition for postconviction relief is untimely, he must establish that his petition falls within one of the exceptions specified in R.C. 2953.21(A). Appellant does not claim, nor can he show, that he was unavoidably prevented from the discovery of relevant facts, or that there is a retroactively applicable federal or state right, nor that by clear and convincing evidence, but for constitutional error, no reasonable factfinder would have found him guilty of the offenses of aggravated burglary and sexual battery. R.C. 2953.23(A)(1). Nor can he show that DNA testing results "establish, by clear and convincing evidence" the petitioner's "actual innocence" of the felony for which he was convicted. R.C. 2953.23(A)(2). As such, because appellant filed his petition past the time limit prescribed by R.C. 2953.21(A)(2), the trial court lacked jurisdiction.

{¶ 16} Even if appellant's petition was not time barred, appellant's arguments would fail due to the doctrine of res judicata. "Res judicata is applicable in all postconviction relief proceedings." *State v. Szefcyk*, 77 Ohio St.3d 93, 95 (1996). As a result, "[p]ostconviction review is a narrow remedy, since res judicata bars any claim that was or could have been raised at trial or on direct appeal." *State v. Steffen*, 70 Ohio St.3d 399, 410 (1994); *State v. Davic,* 10th Dist. No. 15AP-1000, 2016-Ohio-4883, ¶ 11. Here, appellant challenged his sentence during his direct appeal, and he challenged his sentence in his other postconviction pleadings. Res judicata prevents further litigation of his claims.

{¶ 17} In addition, even if appellant's first assignment of error were not untimely and barred by res judicata, it would still lack merit. Appellant's argument that the trial court did not merge his convictions for theft (Count 2 of the indictment) and RSP (Count 3 of the indictment) is simply wrong. The judgment entry specifically states that "[f]or purposes of sentencing Counts Two and Three merge and the Defendant is sentenced to Twelve (12) months on those counts at the Ohio Department of Rehabilitation. Counts One and, merged Counts Two and Three, to be served concurrently to each other but

consecutively to Case No. 13CR-6206." As such, he was sentenced to one 12-month term for the merged counts.

{¶ 18} In addition, as noted above in *Hillman I* at ¶ 11, we specifically noted that "[t]he court imposed a sentence of six years for each of the three counts of burglary, to be served consecutively to each other for a total of eighteen years, and a total of three years as to all other counts, to be served concurrently with the sentences for the counts of burglary." The total of three years for all other counts consists of two years for the attempted burglary conviction, and one year for the merged theft and RSP convictions. Finally, we specifically held that "the trial court did merge the offenses of theft and receiving stolen property arising out of the October 21, 2013 incident." *Hillman I* at ¶ 61.

{¶ 19} For the foregoing reasons, appellant's first assignment of error is overruled.

**V. ASSIGNMENT OF ERROR 2—NOT WELL-TAKEN**

{¶ 20} In his second assignment of error, appellant contends it was reversible error for the trial court to summarily deny his motion without making findings of fact or conclusions of law. Despite appellant's dissatisfaction with the court's entry, the court had discretion to summarily dispose of appellant's pleading. As noted above, appellant's motion is properly construed as an untimely and successive postconviction petition. A trial court "has no duty to issue findings of fact and conclusions of law on successive or untimely petitions for postconviction relief." *State ex rel. George v. Burnside*, 118 Ohio St.3d 406, 2008-Ohio-2702, ¶ 6; *State v. Lowe*, 10th Dist. No. 10AP-584, 2011-Ohio-3996, ¶ 17.

{¶ 21} Furthermore, appellant shows no error or abuse of discretion in the wording of the court's entry. There are no "magic words" required for such entries as long as the entry is "sufficient to advise the petitioner and the appellate court of the trial court's reasoning and permit meaningful appellate review." *Lowe* at ¶ 17.

{¶ 22} In this case, the trial court referenced the fact that appellant's January 24, 2017 pleading was successive—specifically noting appellant's multiple postconviction attempts to overturn his convictions and sentence. As appellant failed to meet his burden of presenting a claim with legal and factual support, the trial court correctly found that appellant's motion was "not well-taken." That conclusion was also supported by the fact that appellant's claims were barred.

{¶ 23} Appellant's second assignment of error is overruled.

## VI. DISPOSITION

{¶ 24} Based on the foregoing, appellant's motion to strike appellee's brief is denied. Having overruled appellant's two assignments of error, the judgment of the Franklin County Court of Common Pleas is affirmed.

*Motion to strike appellee's brief denied; judgment affirmed.*

KLATT and DORRIAN, JJ., concur.

———————————