[Cite as *State v. Harless*, 2022-Ohio-4475.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | No. 21AP-415 (C.P.C. No. 19CR-0970) |
| v. | : | |
| Warren Harless, | : | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on December 13, 2022

**On brief:** *G. Gary Tyack*, Prosecuting Attorney, and *Kimberly M. Bond* for appellee. **Argued:** *Kimberly M. Bond*.

**On brief:** *Yeura R. Venters*, Public Defender, and *Robert D. Essex* for appellant. **Argued:** *Robert D. Essex*.

APPEAL from the Franklin County Court of Common Pleas

JAMISON, J.

{¶ 1} Defendant-appellant, Warren Harless, appeals from a judgment of the Franklin County Court of Common Pleas where appellant argues that the trial court committed plain error by the failure to merge the offenses of breaking and entering, and theft for the purposes of sentencing. For the following reasons, we affirm.

I. FACTS AND PROCEDURAL HISTORY

{¶ 2} On July 17, 2017, appellant smashed the front door window of a convenience store with a brick and went into the store and stole cigarettes valued at $4,000. The incident was captured on video. The owner noticed a bloodstain and a DNA sample was collected. The DNA sample was a match which identified appellant as the perpetrator. Appellant was arrested in January 2019.

{¶ 3}   On February 25, 2019, appellant was indicted for one count of breaking and entering in violation of R.C. 2911.13, and one count of theft in violation of R.C. 2913.02, both fifth degree felony offenses.   On June 27, 2019, appellant pleaded guilty to the indictment, and was sentenced directly to a joint recommended two-year term of community control with payment of restitution of $4,000.   After the imposition of community control, appellant was notified that "if Defendant violates Community Control * * * defendant will receive a prison term of eight (8) months as to Count One, and eight (8) months as to Count Two, to be served consecutively to each other, for a total of sixteen (16) months." (June 27, 2019 Jgmt. Entry at 2.)  No objections were made at the time of plea or sentencing for failure to merge allied offenses.  Appellant failed to appeal the sentence.

{¶ 4}   On February 13, 2020, appellant was declared an absconder and a capias issued for his arrest.  On April 6, 2020, appellant was arrested and charged with breaking and entering (F5), obstruction of official business (M1), failure to confine a dog (M1), obstruction of justice (F5), and possessing criminal tools (F5) in Miami County.  Appellant also had a Ross County warrant for breaking and entering.

{¶ 5}   On May 7, 2020, appellant was restored to community control and placed on house arrest.  Shortly after the electronic monitoring equipment was connected, appellant cut off his ankle monitor.  On May 20, 2020, appellant was again declared an absconder and a capias issued.  Appellant was arrested on June 14, 2021.

{¶ 6}   On July 30, 2021, community control was revoked and appellant was sentenced to six months on each charge, to be served consecutive to each other.  Appellant brings this appeal.

## II.  ASSIGNMENT OF ERROR

{¶ 7}   Appellant assigns the following as trial court error:

> The trial court erred and committed plain error in failing to merge Mr. Harless's convictions at sentencing in violation of R.C. 2941.25, the Fifth and Fourteenth Amendments to the United States Constitution, and Article I, Sections 10 and 16 of the Ohio Constitution.

## III.  LEGAL ANALYSIS

{¶ 8}   Appellant challenges the sentence imposed by the trial court, alleging that the offenses are allied offenses of similar import that merge under R.C. 2941.25.  According to

appellant, he can only be sentenced for theft or breaking and entering, but not both. The appeal does not challenge the conviction, only the sentence. The state focuses on invited error, stating that appellant requested 12 months and that is what he got, and argues appellant waived or forfeited his right to challenge the non-merger.

{¶ 9} Appellant did not object or assert any right in the trial court, so plain error applies. *State v. Rogers,* 143 Ohio St.3d 385, 2015-Ohio-2459. A defendant who pleads guilty to two or more offenses that could be allied does not waive his R.C. 2941.25 protection but rather forfeits his allied offenses claim for appellate review. *Id.* A defendant may raise a forfeited claim on appeal through Crim.R. 52(B), plain errors affecting substantial rights. However, the appellate court is not required to correct plain error. *Id.* "Notice of plain error * * * is to be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." *State v. D.H.*, 10th Dist. No. 16AP-501, 2018-Ohio-559, ¶ 45. "For a court to notice plain error, the error must be an obvious defect in a trial's proceedings, it must have affected substantial rights, and it must have affected the outcome of the trial." *State v. Steele*, 138 Ohio St.3d 1, 2013-Ohio-2470, ¶ 30.

{¶ 10} Even if an error satisfies these three requirements, "Crim.R. 52(B) states only that a reviewing court 'may' notice plain forfeited errors; a court is not obliged to correct them." *State v. Barnes*, 94 Ohio St.3d 21, 27 (2002). "[U]nless a defendant shows, based on the record, a reasonable probability that his convictions are for allied offenses of similar import committed with the same conduct and without a separate animus, he cannot demonstrate that the trial court's failure to inquire whether the convictions merged for sentencing was plain error." *State v. Hilliard*, 8th Dist. No. 102214, 2015-Ohio-3142, ¶ 27.

{¶ 11} "Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding, except an appeal from that judgment, any defense or claimed lack of due process that 'was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment.' " (Quotations and citations omitted.) *State v. Chapin*, 10th Dist. No. 14AP-1003, 2015-Ohio-3013, ¶ 7. Further, "[i]t is well-settled that, 'pursuant to res judicata, a defendant cannot raise an issue in a [petition] for post-conviction relief if he or she could have raised the issue on direct

appeal.' " (Quotations and citations omitted.) *State v. Elmore*, 5th Dist. No. 2005-CA-32, 2005-Ohio-5940, ¶ 21. Concerning *Davic's* case, res judicata applies to all the sentences which were not void at the time of the initial appeal. *State v. Davic*, 10th Dist. No. 15AP-1000, 2016-Ohio-4883.

{¶ 12} When a defendant's conduct constitutes a single offense, the defendant may only be convicted and sentenced for that offense. *State v. Ruff*, 143 Ohio St.3d 114, 2015-Ohio-995, ¶ 24. A test was created whereby courts must ask three questions when a defendant's conduct supports multiple offenses: (1) were the offenses dissimilar in import or significance? (2) were they committed separately? And (3) were they committed with separate animus of motivation? *Id*. at ¶ 31. If the answer is yes to any question, the defendant may be convicted of all the offenses separately. *Id.*

{¶ 13} In *Rogers*, the Supreme Court of Ohio recently examined a case where the defendant was convicted of multiple offenses pursuant to a guilty plea. The defendant appealed and argued for the first time on appeal that some of the convictions should have merged for sentencing. *Rogers* at ¶ 11. The matter was certified as a conflict and presented to the Supreme Court. In making its decision, the court clarified the difference between waiver and forfeiture as it pertains to allied offenses. *Id*. at ¶ 19-21. The court rejected the argument that by entering a guilty plea to offenses that could be construed to be two or more allied offenses of similar import, the accused waives the protection against multiple punishments under R.C. 2941.25. *Id*. at ¶ 19. The court held that an accused's failure to seek the merger of his or her convictions as allied offenses of similar import in the trial court, the accused forfeits his or her allied offenses claim for appellate review. *Id*. at ¶ 21. "[F]orfeiture is the failure to timely assert a right or object to an error, and * * * '[i]t is a well-established rule that "an appellate court will not consider any error which counsel for a party complaining of the trial court's judgment could have called but did not call to the trial court's attention at a time when such error could have been avoided or corrected by the trial court." ' " *Id.*

{¶ 14} Most cases allow convictions for both breaking and entering, and theft, and do not require the offenses to merge. It is not one continuous course of conduct, and appellant offered no authority regarding if motive has any impact on the analysis. "Ultimately, if the harm resulting from each offense is separate and identifiable, the

offenses are of dissimilar import and do not merge." *State v. McKnight*, 10th Dist. No. 20AP-595, 2022-Ohio-591, ¶ 34. In this matter, the harm from breaking the glass is different from the harm caused by stealing cigarettes.

{¶ 15} In the case of *State v. Harless*, 5th Dist. No. 14-COA-034, 2015-Ohio-4753, the current appellant was convicted of complicity to breaking and entering, and theft. The appellate court reviewed *Harless* under the standard of plain error as appellant failed to object at sentencing to the trial court's failure to merge the offenses, and found that appellant forfeited the right to merger of what were presumed to be allied offenses when he failed to timely assert or object to the trial court's failure to merge the sentences. The court found that the conduct for breaking and entering, and theft were separate and distinct acts and resulted in separate and identifiable harm. In the instant case currently under review, appellant failed to object to the consecutive sentence in the trial court, again leaving the appellate court to review this case under the standard of plain error. Following the prior cases of *Harless* and *McKnight*, we now find the trial court did not err in finding the conduct in the instant case of breaking and entering and theft were separate and distinct acts and resulted in separate and identifiable harm.

{¶ 16} The trial court found that appellant should be sentenced to consecutive sentences pursuant to Ohio Revised Code Section 2929.14(C)(4) which states:

> If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
>
> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
>
> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses

committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶ 17} Appellant had been convicted of a similar crime in Ashland County on October 1, 2014. *Harless* at ¶ 5. As noted in the instant case, appellant had a warrant to resolve in Ross County at the time of sentencing. (June 27, 2019 Jgmt. Entry.) While on community control, appellant was declared an absconder on February 13, 2020, arrested on May 5, 2020, and additional community control sanction of house arrest, appellant was ordered to appear for all hearings in Miami County, and restored to community control through a telephonic hearing. (May 7, 2020 Entry Restoring Absconder at 1.) On May 20, 2020, appellant was declared an absconder for a second time. (May 20, 2020 Entry Declaring Def.'s Absconder at 1.) Appellant was arrested on June 14, 2021. At the time of his arrest, appellant had the following pending cases in Miami County, Ohio: case No. 2020CRA-00971 for breaking and entering (F5), case No. 2020CRA-01023 for possession of criminal tools (F5), case No. 2020CRA-01030 for obstruction of justice (F5), case No. 2020CRB-00972 for obstructing official business (M2), and violations prohibited-directors order to stay home (M2), and appellant had a warrant in case No. 19CR-000346 for breaking and entering (F5).

{¶ 18} The trial court made the findings that: "(a) a consecutive sentence is necessary to punish Defendant, given the seriousness of the offenses committed; (b) a consecutive sentence is not disproportionate to the seriousness of Defendant's conduct and to the danger the offender poses to the public; (c) at least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct; and (d) the offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender." (Jgmt. Entry at 2.)

{¶ 19} Appellant argues that the decision to merge the offenses for the purposes of sentencing is subject to de novo review under plain error standard. The court declines this invitation as appellant forfeited the right to review when he failed to object at the time of sentencing or appeal the sentence. Further, the court has reviewed appellant's record of same and similar offenses, appellant was under community control sanctions when he absconded on two occasions, he was indicted in Miami County for three (3) cases, had an outstanding warrant in Ross County for breaking and entering, and the court finds that the trial court's use of consecutive sentences in this case is not misplaced.

## IV. CONCLUSION

{¶ 20} For the foregoing reasons, appellant's sole assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas is hereby affirmed.

*Judgment affirmed.*

KLATT and DORRIAN, JJ., concur.

_____