[Cite as *State v. Clark*, 2019-Ohio-3196.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CLARK COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 2018-CA-86 |
| | : | |
| v. | : | Trial Court Case No. 2017-CR-0641 |
| | : | |
| TIMOTHY M. CLARK | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 9th day of August, 2019.

. . . . . . . . . .

JOHN M. LINTZ, Atty. Reg. No. 0097715, Assistant Prosecuting Attorney, Clark County Prosecutor's Office, 50 East Columbia Street, Suite 449, Springfield, Ohio 45502
　　　Attorney for Plaintiff-Appellee

MISTY M. CONNORS, Atty. Reg. No. 0075457, 4050 Willow Run Drive, Dayton, Ohio 45430
　　　Attorney for Defendant-Appellant

. . . . . . . . . . . .

WELBAUM, P.J.

{¶ 1} Defendant-appellant, Timothy M. Clark, appeals from his conviction and sentence in the Clark County Court of Common Pleas following his guilty plea to one fifth-degree-felony count of aggravated possession of drugs. In support of his appeal, Clark contends that the trial court erred when advising him about post-release control during his sentencing hearing and in its sentencing entry. Specifically, Clark maintains that the trial court incorrectly informed him that he could be placed on post-release control for "three years" when the relevant statute, R.C. 2967.28(C), actually provides that he could be placed on post-release control for "up to three years." The State concedes error in this regard and asks this court to vacate the post-release control portion of Clark's sentence.

{¶ 2} Upon review, we agree that the trial court erred when it advised Clark about post-release control. We also find that the error renders the post-release-control portion of Clark's sentence void. However, since Clark has already completed his prison sentence, the trial court no longer has authority to resentence Clark to the appropriate term of post-release control. Therefore, the trial court's imposition of post-release control must be vacated.

**Facts and Course of Proceedings**

{¶ 3} On May 29, 2018, Clark pled guilty to one count of aggravated possession of drugs in violation of R.C. 2925.11(A), a felony of the fifth degree. After accepting Clark's guilty plea, the trial court scheduled the matter for sentencing on June 26, 2018. At the sentencing hearing, the trial court sentenced Clark to one year in prison and advised Clark

that, upon his release from prison, he "could be placed on post-release control for *three years*." (Emphasis added.) Sentencing Trans. p. 9. The corresponding sentencing entry issued by the trial court also indicated that "post-release control (PRC) is optional in this case for *three years*." (Emphasis added.) Judgment Entry of Conviction Clark C.P. No. 2017-CR-0614, Docket No. 23, p. 2. Clark now appeals from his conviction and sentence, raising a single assignment of error for review.

## Assignment of Error

{¶ 4} Under his sole assignment of error, Clark contends that the trial court erred in sentencing him to post-release control for a period of "three years" when R.C. 2967.28(C) actually required his term of post-release control to be for a period of "up to three years." The State concedes error and we agree that the trial court erred in that regard.

{¶ 5} It is well established that if a defendant commits an offense subject to post-release control under R.C. 2967.28, the trial court must notify the defendant at sentencing of the post-release control requirement and the consequences if the defendant violates post-release control. R.C. 2929.19; *State v. Qualls*, 131 Ohio St.3d 499, 2012-Ohio-1111, 967 N.E.2d 718, ¶ 18. A trial court must then "incorporate into the sentencing entry the postrelease-control notice to reflect the notification that was given at the sentencing hearing." (Citations omitted.) *Qualls* at ¶ 19. Both forms of notice are necessary to authorize the parole board to exercise the authority that R.C. 2967.28 confers on that agency. *State v. Bloomer*, 122 Ohio St.3d 200, 2009-Ohio-2462, 909 N.E.2d 1254, ¶ 69, 71.

{¶ 6} When a judge fails to impose the required post-release control as part of a defendant's sentence, "that *part* of the sentence is void and must be set aside." (Emphasis sic.) *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, ¶ 26; *see also State v. Holdcroft*, 137 Ohio St.3d 526, 2013-Ohio-5014, 1 N.E.3d 382, ¶ 7. While "only the offending portion of the sentence is subject to review and correction[,]" *Fischer* at ¶ 27, "[o]nce a defendant has served the prison term for an offense for which post-release control applies, the trial court no longer has the authority to resentence the defendant for the purpose of adding a term of post-release control[.]" *State v. Collins*, 2d Dist. Montgomery No. 27939, 2018-Ohio-4760, ¶ 17, citing *Holdcroft* at paragraph three of the syllabus. In other words, "[i]f a post-release control provision of a sentence is determined to be void after a defendant has completed his prison term, the error cannot be corrected and the defendant 'cannot be subjected to a period of post-release control.' " *State v. Montgomery*, 2d Dist. Clark No. 2018-CA-40, 2018-Ohio-5278, ¶ 12, quoting *State v. Adkins*, 2d Dist. Greene No. 2010-CA-69, 2011-Ohio-2819, ¶ 13. (Other citations omitted.)

{¶ 7} In *State v. Tanksley*, 2d Dist. Clark No. 2015-CA-80, 2016-Ohio-2963, this court also explained that:

 " '[W]here a sentence is void because it does not contain a statutorily mandated term, the proper remedy is * * * to resentence the defendant.' " *Fischer* at ¶ 10, quoting *State v. Jordan*, 104 Ohio St.3d 21, 2004-Ohio-6085, 817 N.E.2d 864, ¶ 23. (Other citation omitted.) However, if proper notification is given during the sentencing hearing and the sentencing entry either omits or states the wrong term of post-release control, a trial court is

instead authorized to correct the error or omission with a nunc pro tunc entry. *State ex rel. Womack v. Marsh,* 128 Ohio St.3d 303, 2011-Ohio-229, 943 N.E.2d 1010, ¶ 14-15; *State v. Qualls,* 131 Ohio St.3d 499, 2012-Ohio-1111, 967 N.E.2d 718, ¶ 30. ***Nevertheless, the trial court's ability to correct its judgment through a nunc pro tunc entry or by resentencing ceases when the defendant completes his prison sentence.*** *State v. Huber,* 2d Dist. Clark No. 2013 CA 16, 2014-Ohio-2095, ¶ 9, citing *Holdcroft* at paragraph three of the syllabus and *Qualls* at ¶ 24. ***Under that circumstance, post-release control cannot be imposed.*** *State v. Cooper,* 8th Dist. Cuyahoga No. 103066, 2015-Ohio-4505, ¶ 10, citing *Qualls* at ¶ 24. (Other citations omitted.)

(Emphasis added.) *Tanksley* at ¶ 10.

**{¶ 8}** In *Tanksley*, we found that the trial court's imposition of post-release control for Tanksley's aggravated robbery conviction was void as a result of the trial court's use of improper "up to" language in the sentencing entry. *Id.* at ¶ 24. Since Tanksley had already completed his prison sentence for aggravated robbery, we found that the trial court no longer had authority to correct the improper "up to" language. *Id.* We therefore determined that the imposition of post-release control remained void. *Id.* Accordingly, because the imposition of post-release control was void, this court found that the trial court did not have authority to sanction Tanksley for a later violation of post-release control. *Id.*

**{¶ 9}** In this case, Clark's fifth-degree-felony offense of aggravated possession of drugs carried a discretionary term of post-release control for a period of "up to three

years." R.C. 2967.28(C). The trial court, however, affirmatively misstated at the sentencing hearing and in the sentencing entry that Clark was subject to a discretionary term of post-release control for a period of "three years" as opposed to "up to three years." As a result of this error, the post-release-control portion of Clark's sentence is void, meaning the imposition of post-release control is a nullity. *See State v. Billiter*, 134 Ohio St.3d 103, 2012-Ohio-5144, 980 N.E.2d 960, ¶ 10. Because Clark has already served his one-year prison term, the trial court no longer has authority to correct the error in his sentence. Therefore, the term of post-release control imposed by the trial court remains void and must be vacated.

{¶ 10} Clark's assignment of error is sustained.

## Conclusion

{¶ 11} Having sustained Clark's assignment of error, the post-release control portion of his sentence is hereby vacated.

. . . . . . . . . . . . .

FROELICH, J. and HALL, J., concur.

Copies sent to:

John M. Lintz
Misty M. Connors
Ohio Adult Parole Authority
Hon. Douglas M. Rastatter