[Cite as *State v. Bucey*, 2019-Ohio-4874.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 28420 |
| | : | |
| v. | : | Trial Court Case No. 2019-CR-452 |
| | : | |
| MICHAEL A. BUCEY | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 27th day of November, 2019.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by ANDREW T. FRENCH, Atty. Reg. No. 0069384, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, 301 West Third Street, 5th Floor, Dayton, Ohio 45422
      Attorney for Plaintiff-Appellee

TRAVIS KANE, Atty. Reg. No. 0088191, 130 West Second Street, Suite 460, Dayton, Ohio 45402
      Attorney for Defendant-Appellant

. . . . . . . . . . . . .

FROELICH, J.

{¶ 1} Michael A. Bucey pled guilty in the Montgomery County Court of Common Pleas to grand theft of a motor vehicle, a fourth-degree felony. In exchange for the plea, the State dismissed three other charges. After a presentence investigation, the trial court imposed nine months in prison. For the following reasons, the trial court's judgment as to post-release control will be vacated, and the matter will be remanded for the limited purpose of a nunc pro tunc entry to correct the imposition of post-release control. In all other respects, the trial court's judgment will be affirmed.

### I. Factual and Procedural History

{¶ 2} According to the presentence investigation report (PSI), at approximately noon on February 1, 2019, Bucey and another man were passengers in a Honda CRV owned and driven by Angela Miller, Bucey's then-girlfriend. While they were driving, Miller and Bucey (the front seat passenger) began to argue about their relationship and how he was late for a court hearing. Bucey reportedly also was upset that Miller had given the other man a ride to obtain gas money. Bucey punched Miller several times in the head and face while she was driving. Miller pulled the car over and put the vehicle in park. Once parked, Bucey reached over and took the keys from the ignition. He then exited the vehicle, walked around to the driver's door, and ultimately dragged Miller from the car. Bucey also took Miller's phone and smashed it on the ground. Bucey then got into the driver's seat and drove the car away.

{¶ 3} Miller reported the robbery to the police on the morning of February 3, 2019. She told the police that she had not reported the incident earlier, because she believed that Bucey would return the car.

{¶ 4} On February 6, Bucey was charged by complaint with robbery, and a warrant was issued for his arrest. The police recovered Miller's vehicle on February 8, 2019, and apprehended Bucey nearby later that night. The police subsequently determined that Miller's vehicle had fled from the police on three occasions during the week after the theft of that vehicle.

{¶ 5} On March 7, 2019, a grand jury indicted Bucey for robbery (use of force), a third-degree felony, grand theft of a motor vehicle, a fourth-degree felony, and two counts of failure to comply with an order or signal of a police officer, both first-degree misdemeanors. At his arraignment, Bucey pled not guilty to the charges. The trial court set bail of a surety bond in the amount of $10,000 and conditional own recognizance with electronic monitoring. Bucey was to have no contact with Miller. The PSI indicates that Bucey remained incarcerated while this case was pending, but from April 12 until May 1, 2019, Bucey also was incarcerated on unrelated misdemeanor charges in another case (Vandalia M.C. No. 19CRB242).

{¶ 6} Bucey filed a demand for discovery and a motion for a bill of particulars. In April, the trial court set a pretrial conference for April 30, 2019 and a trial date of May 6, 2019.

{¶ 7} On April 30, Bucey pled guilty to grand theft of a motor vehicle. In exchange, the State dismissed the other three charges. The trial court ordered a presentence investigation, and Bucey filed a sentencing memorandum in which he described his "journey to sobriety," expressed remorse, and asked for community control. On May 14, the trial court orally sentenced Bucey to nine months in prison, informed him that he was subject to a non-mandatory period of post-release control for up to three years at the

discretion of the Parole Board, and ordered him to pay court costs.

{¶ 8} The court filed its judgment entry on May 16, which similarly imposed nine months in prison and court costs. With respect to post-release control, the entry stated that Bucey "MAY, if the Parole Board determines that a period of Post Release Control is necessary for the defendant, be supervised by the Parole Board for a period of THREE (3) years Post-Release Control after the defendant's release from imprisonment." (Capitalization sic.)

{¶ 9} Bucey appeals from his conviction.

## II. *Anders* Appeal Standard

{¶ 10} Bucey's appellate counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). He noted potential assignments of error related to the trial court's compliance with Crim.R. 11 at the plea hearing, whether the trial court erred in not considering R.C. 2929.11 and R.C. 2929.12 on the record at sentencing, and whether Bucey's sentence was unsupported by the record. We informed Bucey that his attorney had filed an *Anders* brief on his behalf and granted him 60 days from that date to file a pro se brief. Bucey did not file a pro se brief.

{¶ 11} Pursuant to *Anders*, we must determine, "after a full examination of all the proceedings," whether the appeal is "wholly frivolous." *Id.* at 744; *Penson v. Ohio*, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988). An issue is not frivolous merely because the prosecution can be expected to present a strong argument in reply. *State v. Pullen*, 2d Dist. Montgomery No. 19232, 2002-Ohio-6788, ¶ 4. Rather, a frivolous appeal is one that presents issues lacking arguable merit, which means that, "on the facts and law involved, no responsible contention can be made that it offers a basis for

reversal." *State v. Marbury*, 2d Dist. Montgomery No. 19226, 2003-Ohio-3242, ¶ 8, citing *Pullen* at ¶ 4. If we find that any issue — whether presented by appellate counsel, presented by the defendant, or found through an independent analysis — is not wholly frivolous, we must appoint different appellate counsel to represent the defendant. *Id.* at ¶ 7.

### III. *Anders* Review

### A. Bucey's Guilty Plea

{¶ 12} Crim.R. 11(C)(2) requires a trial court to address the defendant personally and (a) determine that the defendant is making the plea voluntarily, with an understanding of the nature of the charges and the maximum penalty, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions; (b) inform the defendant of and determine that the defendant understands the effect of the plea of guilty and that the court, upon acceptance of the plea, may proceed with judgment and sentencing; and (c) inform the defendant and determine that he or she understands that, by entering the plea, the defendant is waiving the rights to a jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses, and to require the State to prove guilt beyond a reasonable doubt at a trial at which he or she cannot be compelled to testify against himself or herself. *State v. Brown*, 2d Dist. Montgomery No. 21896, 2007-Ohio-6675, ¶ 3.

{¶ 13} The Supreme Court of Ohio has urged trial courts to comply literally with Crim.R. 11. *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462, ¶ 29. The trial court must comply strictly with Crim.R. 11(C)(2)(c), as it pertains to the waiver of federal constitutional rights. *Id.* at ¶ 31. However, because Crim.R. 11(C)(2)(a) and (b)

involve non-constitutional rights, the trial court need comply only substantially with those requirements. *E.g., State v. Bishop*, 156 Ohio St.3d 156, 2018-Ohio-5132, 124 N.E.3d 766, ¶ 11. "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he [or she] is waiving." *State v. Nero*, 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990).

> * * * But "[w]hen the trial judge does not substantially comply with Crim.R. 11 in regard to a nonconstitutional right, reviewing courts must determine whether the trial court partially complied or failed to comply with the rule." (Emphasis sic.) *Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462, at ¶ 32. "If the trial judge partially complied, e.g., by mentioning mandatory postrelease control without explaining it, the plea may be vacated only if the defendant demonstrates a prejudicial effect." *Id.* But if the trial court completely failed to comply with the rule, the plea must be vacated. *Id.* Complete failure " 'to comply with the rule does not implicate an analysis of prejudice.' " *Id., quoting State v. Sarkozy*, 117 Ohio St.3d 86, 2008-Ohio-509, 881 N.E.2d 1224, ¶ 22.

*Bishop* at ¶ 19. *See also State v. McGlinch*, 2019-Ohio-1380, __ N.E.3d __, ¶ 28 (2d Dist.).

{¶ 14} We have reviewed the transcript of the plea hearing, held on April 30, 2019. The trial court fully explained the nature of the charge and possible maximum penalty, which included possible financial sanctions and a possible prison term of 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, or 18 months. The court notified Bucey that if he received a prison term, he also faced a "non-mandatory period of post-release control for a period of

up to three years." The court notified him of the penalties if he violated post-release control. The court told Bucey that he was eligible for community control, and that he could be required to serve a prison term of up to 18 months if he violated community control.

{¶ 15} The trial court informed Bucey of the effect of a guilty plea, and it indicated that it would order a presentence investigation and have him return for sentencing in two weeks. The court also informed Bucey of the constitutional rights that he was waiving by entering his guilty plea. Bucey expressed his understanding throughout the plea hearing. Bucey agreed that the facts read by the prosecutor were true and that he was entering a guilty plea voluntarily. Bucey signed the plea form after entering his guilty plea.

{¶ 16} The record reflects that the trial court fully complied with its obligations under Crim.R. 11, and that Bucey knowingly, intelligently, and voluntarily entered his guilty plea to grand theft of a motor vehicle, a fourth-degree felony.

{¶ 17} In addition, we find nothing in the record to suggest that anything that occurred prior to Bucey's guilty plea precluded him from entering a knowing, intelligent, and voluntary plea. A plea of guilty is a complete admission of guilt. *E.g., State v. Faulkner*, 2d Dist. Champaign No. 2013-CA-43, 2015-Ohio-2059, ¶ 9; *State v. Wheeler*, 2d Dist. Montgomery No. 24112, 2011-Ohio-3423, ¶ 3; Crim.R. 11(B)(1). Consequently, a guilty plea generally waives all appealable errors that may have occurred in the trial court, unless such errors precluded the defendant from knowingly, intelligently, and voluntarily entering his or her guilty plea. *See, e.g., State v. Kelley*, 57 Ohio St.3d 127, 566 N.E.2d 658 (1991), paragraph two of the syllabus; *Wheeler* at ¶ 3. We find no non-

frivolous issues related to the events prior to Bucey's guilty plea.

**B. Bucey's Sentence**

{¶ 18} In reviewing felony sentences, appellate courts must apply the standard of review set forth in R.C. 2953.08(G)(2), rather than an abuse of discretion standard. *See State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 9. Under R.C. 2953.08(G)(2), an appellate court may increase, reduce, or modify a sentence, or it may vacate the sentence and remand for resentencing, only if it "clearly and convincingly" finds either (1) that the record does not support certain specified findings or (2) that the sentence imposed is contrary to law. *State v. Huffman*, 2d Dist. Miami No. 2016-CA-16, 2017-Ohio-4097, ¶ 6.

{¶ 19} R.C. 2929.13(B)(1)(a) provides that if a conviction is for a fourth-degree felony, community control is mandatory if all the provisions in R.C. 2929.13(B)(1)(a)(i)-(iv) apply. A trial court may impose a prison term upon an offender who commits a fourth-degree felony that is not an offense of violence if, among other things, the offender has previously served a prison term. R.C. 2929.13(B)(1)(b). Bucey had six prior felony convictions and previously served prison terms. Accordingly, the trial court was permitted to impose a prison term for the instant grand theft offense.

{¶ 20} "The trial court has full discretion to impose any sentence within the authorized statutory range, and the court is not required to make any findings or give its reasons for imposing maximum or more than minimum sentences." *State v. King*, 2013-Ohio-2021, 992 N.E.2d 491, ¶ 45 (2d Dist.). However, in exercising its discretion, a trial court must consider the statutory policies that apply to every felony offense, including those set out in R.C. 2929.11 and R.C. 2929.12. *State v. Leopard*, 194 Ohio App.3d

500, 2011-Ohio-3864, 957 N.E.2d 55, ¶ 11 (2d Dist.), citing *State v. Mathis*, 109 Ohio St.3d 54, 2006-Ohio-855, 846 N.E.2d 1, ¶ 38. "On a silent record, a trial court is presumed to have considered the statutory purposes and principles of sentencing, and the statutory seriousness and recidivism factors." *State v. Goldblum*, 2d Dist. Montgomery No. 25851, 2014-Ohio-5068, ¶ 50.

{¶ 21} Bucey was 49 years old at the time of the offense and at sentencing. The parties had no agreement regarding Bucey's sentence. Prior to imposing sentence, the court and Bucey had the following exchange:

THE COURT: * * * Is there anything you want to tell me before sentencing?

THE DEFENDANT: Yeah. I know my record it's been pretty bad, but I'm just in a bad situation; I'm dealing with a bad person that got me in this situation. It wasn't her fault that I took the car, but I'm not really blaming her for my actions, but --

THE COURT: But you are?

THE DEFENDANT: Yeah, but I am.

THE COURT: Okay. I kind of figured that.

THE DEFENDANT: I really feel like I don't need to go to prison for this, but my record is going to kill me, so I don't understand, you know.

THE COURT: Well, you know quite frankly, sir, I -- your record is something I have to consider.

THE DEFENDANT: Yeah.

THE COURT: It's part of a list of things to be considered in terms of sentencing, and you're right, it's -- you have five pages of misdemeanors.

I told your lawyer I've never seen a misdemeanor record that bad, but you've got two, four, six -- this is your seventh felony; six of those seven felonies are theft-related. So it's something I have to --

THE DEFENDANT: Six of the felonies are theft-related?

THE COURT: Yeah, F-2 robbery in 1991, you were in prison it looks like until at least 2005.

THE DEFENDANT: 20 years ago.

THE COURT: Yeah, well, that's still a felony; you spent a lot of time in prison on that. Then, almost immediately after getting out of prison actually, you went back to prison for a breaking and entering in '04; '06, another breaking and entering; '08, another breaking and entering; '08, a possession of cocaine; '09, a breaking and entering; yeah, I have to consider all that stuff, okay?

THE DEFENDANT: I understand.

THE COURT: Okay. Anything from counsel, other than what we've discussed?

[DEFENSE COUNSEL]: Nothing beyond what we've discussed in the sentencing memorandum that was submitted to the Court.

THE COURT: And I did review that. Sir, I mean, as I told your lawyer this morning, my intention was to sentence you to 18 months. You can thank her that it's not 18 months, all right? As I said, you have an extremely lengthy record. You do blame the victim; never a good idea to suggest that it's somebody else's fault you took a car. You have many, many theft-

related misdemeanors; like I said, almost all of your felonies are theft-related. After considering the purposes and principles of sentencing and the seriousness and recidivism factors, I'm going to sentence you to nine months at the Correction[al] and [sic] Reception Center. You'll be given all applicable jail time credit, which is 17 days. There is no request for a restitution in this matter. I am going to order that you pay court costs as determined by the clerk of courts. I'll note that your jail time credit is what it is because you were serving a – you've been serving a misdemeanor sentence.

Sir, following your release from prison, you may be required to serve a non-mandatory period of post-release control for a period of up to three years under the supervision of the parole board. * * *

**{¶ 22}** Upon review of the record, including the PSI and Bucey's sentencing memorandum, we find no non-frivolous argument that the trial court's nine-month sentence was clearly and convincingly unsupported by the record.

**{¶ 23}** If a defendant has committed an offense subject to post-release control under R.C. 2967.28, the trial court must notify the defendant at sentencing of the post-release control requirement and the consequences if the defendant violates post-release control. R.C. 2929.19; *State v. Qualls*, 131 Ohio St.3d 499, 2012-Ohio-1111, 967 N.E.2d 718, ¶ 18. It is well-established that when a judge fails to impose the required post-release control as part of a defendant's sentence, "that *part* of the sentence is void and must be set aside." (Emphasis sic.) *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, ¶ 26; *see also State v. Holdcroft*, 137 Ohio St.3d 526, 2013-Ohio-

5014, 1 N.E.3d 382, ¶ 7. The improper post-release control sanction "may be reviewed at any time, on direct appeal or by collateral attack." *Fischer* at ¶ 27.

{¶ 24} R.C. 2967.28(C) provides that any prison term for a fourth-degree felony not subject to R.C. 2967.28(B)(1) or (3) "shall include a requirement that the offender be subject to a period of post-release control of up to three years after the offender's release from imprisonment, if the parole board, in accordance with division (D) of this section, determines that a period of post-release control is necessary for that offender." The trial court accurately informed Bucey of this post-release control requirement at the sentencing hearing. However, the trial court's judgment entry incorrectly indicated that Bucey would subject to "three years" of post-release control at the discretion of the Parole Board. *See State v. Clark*, 2d Dist. Clark No. 2018-CA-86, 2019-Ohio-3196 (court erred in sentencing defendant to post-release control for a period of "three years" when R.C. 2967.28(C) actually required his term of post-release control to be for a period of "up to three years.").

{¶ 25} If proper notification is given during the sentencing hearing and the sentencing entry either omits or states the wrong term of post-release control, a trial court is authorized to correct the error or omission with a nunc pro tunc entry. *State ex rel. Womack v. Marsh*, 128 Ohio St.3d 303, 2011-Ohio-229, 943 N.E.2d 1010, ¶ 14-15; *State v. Qualls*, 131 Ohio St.3d 499, 2012-Ohio-1111, 967 N.E.2d 718, ¶ 30. We note that the trial court's ability to correct its judgment through a nunc pro tunc entry terminates upon the defendant's completion of his prison term. *E.g., Holdcroft* at ¶ 18.

### IV. Conclusion

{¶ 26} We have conducted our independent review of the record pursuant to

*Penson*, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300, and we agree with appellate counsel that there are no non-frivolous issues for review.

{¶ 27} However, in light of the error in the judgment entry with respect to post-release control, the judgment with respect to post-release control will be vacated and the matter will be remanded for the limited purpose of the trial court's filing a nunc pro tunc entry to correct the imposition of post-release control. *See State v. Melvin*, 2d Dist. Montgomery Nos. 27248 and 27263, 2017-Ohio-7938, ¶ 19-20 (finding no non-frivolous issues in *Anders* review, but remanding for the correction of clerical errors in the judgment entries). In all other respects, the trial court's judgment will be affirmed.

. . . . . . . . . . . .


WELBAUM, P.J. and DONOVAN, J., concur.


Copies sent to:

Mathias H. Heck
Andrew T. French
Travis Kane
Michael A. Bucey
Hon. Mary Katherine Huffman